KANNER, Judge.
This is a slip-and-fall case in which summary judgment was entered for the defendant-appellee, Food Fair Stores of Florida, Inc. The plaintiff-appellant, Mary Sammons, a regular customer, while buying groceries on the particular day of the accident, had left the meat counter in the Food Fair store and started walking toward the milk counter, when she slipped and fell. *232 After the fall, two store employees identified a smashed piece of green onion top on the floor at the site of the fall.
The complaint alleged that the Food Fair store “had both actual and constructive notice of the fact that the said vegetable matter had been dropped on the floor and that it had lain there for an unreasonable length of time * * Upon this allegation, the trial judge found that the evidence failed to show any knowledge on the part of the Food Fair, either actual or constructive, and that the evidence failed to show presence of any negligence.
In order to ascertain whether there was any genuine issue of material fact, we have made a careful study of the record. This study reveals that Mrs. Sammons, through her deposition, testified that she did not know how the piece of onion top got on the floor and that she did not know how long it had been there.[1]
There is no evidence to show how the green onion top came to be on the floor, how long it had been there, nor that the Food Fair’s employees knew of its presence there. No evidence has been gleaned from which it can be reasonably inferred that the piece of onion top was on the floor as a result of some action of the Food Fair employees, nor that it had been on the floor for a length of time sufficient to charge the Food Fair with constructive notice.
When a motion for summary judgment has been made in an action for negligence, the defendant has no obligation to offer evidence to excuse himself when it is properly shown that the plaintiff is completely without proof to sustain the complaint. Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5. The circuit judge was therefore correct in entering the summary judgment. See Carls Markets v. Leonard, Fla.1954, 73 So.2d 826; and Carls Markets, Inc. v. Meyer, Fla.1953, 69 So.2d 789.
Affirmed.
ALLEN, C. J., and DAYTON, ORVIL L., Jr., Associate Judge, concur.

. “Q. Do you know the reason for your falling? A. The boy ran his hands through it on the floor and smelled of it and he said it was onion. That is all I know. I didn’t because I didn’t feel like it. I just took his word for it. That is what he said it was and it looked sort of green, smashed, you know. I guess just the smell is all you could probably tell. * * *
“Q. I notice in the complaint that you say that the store of the defendant’s had actual knowledge that this matter was on the floor, the matter you slipped on. I was wondering how you know that they had actual knowledge of that? Did anyone say anything to you concerning that? A. No.
“Q. There were no remarks made to you by store employees? A. No.
“Q. So then you didn’t actually see this substance until after you had fallen and the boy— A. No, sir, I hadn’t.
“Q. You had not seen it? A. No, sir.
“Q. So then you really don’t know how long the substance may have been on the floor, do you? A. No, I don’t.”