109 So.2d 5 (1959)
FOOD FAIR STORES OF FLORIDA, INC., Petitioner,
v.
Angelina PATTY, Respondent.
Supreme Court of Florida.
February 13, 1959.
Brown, Dean, Adams & Fischer and L.N. Preddy, Miami, for petitioner.
Louis Vernell and Harold Bellman, Miami Beach, for respondent.
THORNAL, Justice.
By petition for certiorari Food Fair Stores of Florida, Inc. requests us to review a decision of the District Court of Appeal, Third District, on the ground that it is in direct conflict on the same point of law with prior decisions of this court. Article V, Section 4, Constitution of Florida, F.S.A.
The opinion which we are requested to review is Patty v. Food Fair Stores of Florida, Inc., Fla.App. 1958, 101 So.2d 881. We must determine whether the cited decision comes into conflict on the same point of law with prior decisions of this court illustrated by Carls Markets, Inc. v. Meyer, Fla. 1953, 69 So.2d 789, and Connolly v. Sebeco, Inc., Fla. 1956, 89 So.2d 482.
The factual situation is adequately summarized in the opinion of the Court of Appeal. The case presented to the trial judge as reflected by the opinion of the appellate court was a typical grocery store "green bean slip and fall" problem. As will be seen from an examination of the Court of Appeal opinion, the complainant Mrs. Patty charged that she was injured *6 when she slipped on a green bean in a Food Fair Store. She alleged that the store "carelessly and negligently left several beans" on the floor. The store defended by denying negligence and charging contributory negligence. The trial court had before it the pleadings and a deposition of Mrs. Patty. According to the Court of Appeal opinion the sum of the deposition was that Mrs. Patty knew of no witnesses to the fall nor could she offer any evidence as to how the beans reached the floor or the length of time they had been there. By its answer the store asserted contributory negligence, alleging, with support in the deposition, that Mrs. Patty had been in the store several times, that on previous occasions she had passed over the same spot and had observed that the store was thoroughly littered with beans, vegetables and other food stuffs, that she failed to "look down" in the instant situation and as a result slipped and fell. The trial judge had the view that the deposition of the plaintiff failed to show the presence of any negligence on the part of the defendant. On the contrary he apparently held that the deposition established that it would be impossible for Mrs. Patty to make a case against the store. He awarded a summary judgment in favor of the store.
By its cited opinion the District Court of Appeal, Third District, reversed the trial judge. The appellate court had the view that since the grocery store failed to offer any testimony or affidavits answering the charges of negligence contained in the complaint it was not entitled to the summary judgment, regardless of the factual situation reflected by Mrs. Patty's own deposition.
The only record before us is the petition for certiorari and the opinion of the Court of Appeal. The parties have filed briefs but no appendices. It appears to us that the decision of the Court of Appeal collides directly with prior decisions of this court on identical questions of law.
As we read the opinion of the Court of Appeal, it, in sum, holds that although Mrs. Patty, the respondent here, by her own deposition stated that there were no witnesses to her injury, that she could offer no evidence as to the length of time the beans had been on the floor, that she could not establish whether the store or some other agency was responsible for the condition of the floor nevertheless, it still remained the responsibility of the grocery store on its motion for summary judgment to offer proofs to support its denial of the charge of negligence contained in the complaint.
We think that this position erroneously places the burden of proof on the grocery store whereas under the prior decisions of this court the burden of proving negligence rests with the complainant. The established rule in this state is that if the dangerous condition of the floor is created by a servant or agent of the owner, or even if created by an outsider, and the condition is one which has existed for sufficient length of time that the owner should have known of it, then under these circumstances the owner may be held liable for ensuing injuries. Carls Markets, Inc. v. Meyer, Fla. 1953, 69 So.2d 789. In the instant situation, however, the record before the trial court as reflected by the opinion of the Court of Appeal fails to show the existence of any of these conditions or the presence of facts from which the jury could reasonably infer the existence of any such conditions. These conclusions are extracted from the deposition of Mrs. Patty herself. Despite the total lack of any proof on these essential aspects of the case, the Court of Appeal by its decision appears to have taken the view that the burden remained on the petitioner grocery store to overcome the mere charge of negligence by tendering some proof explaining the condition. In other words, the sum of the position of the appellate court merely was that on a motion for summary judgment the charge of negligence is sufficient to shift the burden *7 to the grocery store even though the claimant fails to offer anything in support of her complaint and on the contrary testifies that it is impossible to offer anything because she has no witnesses.
While we have consistently urged caution in the exercise of the power to grant summary judgments, we have also taken note of the propriety of exercising the authority in appropriate situations as a means of expediting the disposition of baseless litigation. When, as here, there is no conflict over any genuine material issue of fact, is is appropriate to grant a summary judgment. Connolly v. Sebeco, Inc., Fla. 1956, 89 So.2d 482. There was no conflict whatever on the complainant's failure to show negligence or to establish any factual situation out of which negligence could logically be inferred. Upon an application for a summary judgment in an action for negligence when it is properly shown that the plaintiff is completely without proofs to sustain her complaint the defendant has no obligation to offer evidence to excuse itself. This is so because in the first instance the complaining party has failed to carry her initial burden. We think the trial judge ruled correctly in granting the summary judgment.
In reversing the trial judge we think the Court of Appeal did so with an opinion that collides directly with the prior decisions of this court in Carls Markets, Inc. v. Meyer, supra, and Connolly v. Sebeco, Inc., supra, and similar cases.
The decision of the Court of Appeal under assault is quashed, the cause is remanded to the District Court of Appeal of Florida, Third District, with directions to enter an order consistent with the views herein expressed.
TERRELL, C.J., and HOBSON and DREW, JJ., concur.
THOMAS, J., dissents.