131 So.2d 730 (1961)
FOOD FAIR STORES, INC., etc., et al., Petitioners,
v.
Phoebe C. TRUSELL et vir, Respondents.
No. 30991.
Supreme Court of Florida.
June 28, 1961
*731 Dean, Adams, Fischer & Gautier, Miami, for petitioners.
Fuller & Brumer, Miami, for respondents.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review the decision of the Court of Appeal because of an alleged conflict with prior decisions of this Court. See Trusell et al. v. Food Fair Stores, Inc. etc., Fla.App., 122 So.2d 616.
In this typical "slip and fall case" we are called upon to determine whether certain statements contained in an affidavit filed in opposition to a motion for a summary judgment constituted admissible circumstantial evidence which would have justified a jury inference of negligence.
We rely upon the factual statement presented by the opinion of the Court of Appeal which is submitted for review. That opinion reveals that Food Fair Stores, the petitioner, operated a supermarket. The respondent Mrs. Trusell was a customer. She allegedly slipped on a piece of lettuce and fell. This suit resulted because of ensuing injuries. After answer, Food Fair moved for a summary judgment. The trial judge had before him the depositions of the two respondents, the statement of one witness who saw Mrs. Trusell fall, and the affidavit of an employee of the market which contained a statement principally relied upon by the Court of Appeal in reversing the summary judgment which the trial judge had entered in favor of Food Fair. The information before the trial judge when he considered the motion for summary judgment simply was that Mrs. Trusell was a customer; she fell in the store, apparently as a result of slipping on the piece of lettuce; no one knew how the lettuce happened to be on the floor and no one knew how long it had been there or who placed it there. In other words, there was no testimony that the lettuce had been placed on the floor either by an employee of the store or by a customer. In this instance the difference is important, as we shall see. In addition to the foregoing, the trial judge *732 was confronted by an affidavit signed by one Nathan Thomas, an employee of the market. This affidavit contained the following statement, to wit:
"* * * bagboys would take the unloaded shopping buggies from the `checkout' counter and stack them between the `checkout' counter and the drug department. Further, that the bagboys were supposed to empty the buggies of paper, debris, loose particles of vegetables or greens before stacking the buggies. Further, that in the course of work, the bagboys would not always accomplish this, and that sometimes loose leaves would fall from the buggies to the floor, being shaken loose by the stacking process."
The trial judge concluded that no genuine issue on material fact was apparent. He thereupon granted Food Fair's motion for summary judgment on the authority of our opinion in Food Fair Stores of Florida, Inc. v. Patty, Fla., 1959, 109 So.2d 5.
Solely on the basis of the statement from the affidavit of Nathan Thomas which we have quoted above, the Court of Appeal concluded that the jury would be justified in inferring that the lettuce leaf in the instant case reached the floor as the result of the negligence of one of the petitioner's "bagboys", who thereupon failed to remove it promptly, with the resultant injury to the customer. In holding such an inference justifiable, the Court of Appeal then concluded that it would be unnecessary to furnish evidence as to the length of time that the lettuce leaf had been on the floor. On the basis of these conclusions, the Court of Appeal reversed the order of the trial judge which had entered the summary judgment.
We are requested to quash the decision of the Court of Appeal because of the alleged conflict with the prior decision of this Court in Food Fair Stores of Florida, Inc., v. Patty, supra, as well as with a line of decisions dealing with the subject of inferences which may be drawn from circumstantial evidence in civil actions.
The Court of Appeal was correct in its conclusion that when a dangerous condition of a floor of a market is created by an agent or servant of the owner, then such owner may be held liable for resulting injuries to a business invitee. When the negligence which produces the injury is that of an employee of the defendant, then the matter of the employer's knowledge of the existence of the dangerous condition becomes inconsequential. This is so because the knowledge of the employee is chargeable against the employer and his negligent act committed in the course of his employment is binding upon the employer. Carl's Markets v. Meyer, Fla., 1953, 69 So.2d 789; Food Fair Stores of Florida, Inc., v. Moroni, Fla.App., 1958, 113 So.2d 275; Food Fair Stores of Florida, Inc. v. Patty, supra.
Relying on the statement in the Thomas affidavit, the Court of Appeal concluded that in the instant case the jury would have been justified in inferring that the lettuce leaf was deposited on the floor through the negligence of an employee of the store. It held such an inference permissible because of the statement in the affidavit that the "bagboys" were supposed to empty the buggies of loose particles before stacking them but that they would not always accomplish this and that "sometimes loose leaves would fall from the buggies to the floor." It is contended by the respondents in support of the decision of the Court of Appeal, that this statement would justify an inference in the instant case that the lettuce leaf reached the floor as the result of the negligence of some employee.
We observe in passing that in order to justify consideration by a trial judge, statements contained in affidavits on a motion for summary judgment must be such as would be admissible in evidence at the trial. Rule 1.36(e), Florida Rules of Civil Procedure, 30 F.S.A.; Tarkoff v. Schmunk, Fla.App., 1960, 117 So.2d 442; Jones v. Stoutenburgh, Fla., 1956, 91 So.2d 299. *733 The statement in the affidavit upon which the Court of Appeal turned its decision would not have been relevant to the issue of negligence in this particular case. It is not analogous to those cases where, for example, the dangerous condition of a floor or sidewalk is shown to exist for a period of time prior to an injury in the same state as it existed at the time of the injury. The most that could be said for the Thomas affidavit simply was that he had seen loose leaves fall from buggies to the floor on occasions in the past. From this the trial judge was requested to speculate that such was the situation in the case at bar. The statement does not even purport to be descriptive of a consistent, established course of conduct by employees of the store. Actually, the statement relied upon would not have been admissible to prove a fact essential to recovery. Southern Utilities Co. v. Matthews, 84 Fla. 30, 93 So. 188; Bader v. Great Atlantic & Pacific Tea Co., 112 N.J.L. 241, 169 A. 687; Ingle v. La Salle St. Bldgs., Inc., 345 Ill. App. 86, 102 N.E.2d 168.
The petitioner urges our rule to the effect that circumstantial evidence in a civil action will not support a jury inference if the evidence is purely speculative and, therefore, inadequate to produce an inference that outweighs all contrary or opposing inferences, Voelker v. Combined Ins. Co. of America, Fla., 1954, 73 So.2d 403; Byers v. Gunn, Fla., 1955, 81 So.2d 723; Nielsen v. City of Sarasota, Fla., 1960, 117 So.2d 731; Commercial Credit Corporation v. Varn, Fla.App., 1959, 108 So.2d 638. We think there is merit to the position of the petitioner.
On the basis of the statement that in the past "sometimes loose leaves would fall from the buggies to the floor" the respondents urge that a jury would be justified in inferring that in the instant case the loose leaves dropped from a buggy being pushed by an employee, that the leaf on the floor in this particular situation created a hazardous condition and that this condition was the proximate cause of Mrs. Trusell's injury. It is apparent that a jury could not reach a conclusion imposing liability on the petitioner without indulging in the prohibited mental gymnastics of constructing one inference upon another inference in a situation where, admittedly, the initial inference was not justified to the exclusion of all other reasonable inferences. If permitted, this would be directly contrary to the cases which we have cited. Hence the direct conflict between the instant case and our prior decisions.
We have not overlooked the decision in Pogue v. Great Atlantic and Pacific Tea Company, 5 Cir., 1957, 242 F.2d 575, 578, relied upon by the Court of Appeal and by the respondents here. In the first place, and with admitted respect for the judgment of the federal Court of Appeals, we are bound to point out that, in our view, that Court in the Pogue decision interpreted the prior decisions of this Court much more broadly in the direction of "storekeeper liability" than we feel that our decisions justify. For example, in Pogue the majority appears to conclude that we have imposed upon the shopkeeper the so-called "higher degree of diligence" that we imposed upon a racetrack in Wells v. Palm Beach Kennel Club, 160 Fla. 502, 35 So.2d 720. We pointed out in Carl's Market v. Meyer, supra, that the so-called "dog track or public amusement rule" might be applicable to a situation where the creator of a dangerous condition would necessarily know about it and therefore be held responsible for his own creation. The same rule would not apply when the dangerous condition was created by a third party and liability of the owner of the premises is conditioned upon actual or constructive knowledge of the danger. The Pogue decision involved alleged negligence by the market acting thru its employees. In the instant case, we have been compelled to conclude that there was a failure to demonstrate by admissible evidence that an employee produced the hazard. We might add that in Pogue the federal Court laid aside and declined to follow the rule of this Court regarding inferences *734 based on circumstantial evidence which we announced in Voelker v. Combined Ins. Co. of America, supra, and which we have consistently followed since. Because of these distinctions we think the Pogue decision inapplicable here.
We find that the decision of the Court of Appeal conflicts with prior decisions of this Court typified by Food Fair Stores of Florida, Inc. v. Patty, supra, and Voelker v. Combined Ins. Co. of America, supra. Because of these conflicts the decision of the Court of Appeal is quashed and the cause is remanded to that Court for the entry of a judgment consistent herewith.
It is so ordered.
THOMAS, C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.