## TIMMONS v. S. H. KRESS & CO.
No. 62-252-L.

Circuit Court, Duval County.

June 8, 1962.

Mahon & Stratford, Jacksonville, for plaintiff.

Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

This cause has been argued before this court by counsel for the respective parties on the question of whether or not there is a genuine issue of a material fact on the basis of which the cause should be submitted to a jury.

The court has considered the pleadings and depositions herein and finds therefrom that defendant's motion for a summary final judgment should be granted and that there is no genuine issue as to any material fact and that defendant is entitled to a summary final judgment as a matter of law.

In reaching this conclusion, the court is not overlooking the fact that there is testimony tending to show that each time the defendant's floor was swept by its employee that some popcorn was found and even if the court indulges the further inference that there may have been peanuts, candy or other foreign substances recovered each time the floor was swept, neither the facts

recited and testified to nor such inference or inferences therefrom are sufficient to establish that the peanut alleged to have caused plaintiff's injury was put on the floor by the defendant's agents or employees nor that it had remained there long enough to charge defendant with constructive notice of its presence. See Food Fair Stores, Inc. v. Trusell, 131 So. 2d 730 and cases therein cited.

The mere finding of popcorn, peanuts or other foreign substances on the floor of defendant's store each time the floor is swept, whether the floor is swept every five minutes or at one hour intervals, is not sufficient to establish the allegation of the amended complaint herein that the defendant—"caused or allowed the aisle way in the said store to become coated or covered with a slippery substance or objects, thereby creating a dangerous condition and . . . the defendant failed to maintain its aisle way in a safe condition".

Accordingly, it is ordered and adjudged that defendant's motion for a summary final judgment should be, and the same is, hereby granted, and defendant shall go hence without day and have and recover of and from the plaintiff herein its costs to be taxed pursuant to motion therefor and notice.