CARROLL, Judge.
These consolidated appeals are from summary judgments for defendants in an automobile accident case. The minor plaintiff sued her host-driver and the car owner, and> the driver of the other car involved. She received injuries when the car in which she was a passenger ran into the Holmes car from the rear.
Both vehicles were headed north on a two-lane road in Dade County, which had a posted speed limit of 55 miles per hour. The accident occurred at night and it was raining or had started to rain. The Holmes car was a new white Jaguar convertible. The top was down. Holmes was driving the Jaguar to accustom himself to its operation. His father who was in the car with him was injured and died.
On motions for summary judgment filed by defendants the trial judge had before him the pleadings, depositions of the minor plaintiff and the two drivers, and certain interrogatories and answers by the parties; also certain affidavits of persons who arrived after the collision occurred. Plaintiff and her driver were injured and suffered retrograde amnesia. Neither could remember the events surrounding the accident. Holmes recalled slowing down (by shifting downward from fourth to second speed and using his brakes, beginning some 400 feet before the intersection where he intended to turn left) to a speed of 15 to 25 miles per hour. Holmes said he was around 100 feet from the intersection when his car was hit from the rear; that he had looked into the rear mirror but had not seen any car behind him; that he did not give a hand signal but that he probably did give a left turn light signal.
 On those facts we conclude the trial judge was correct in granting summary judgment in favor of the LaPrades, as to whom it was incumbent on the plaintiff to establish gross negligence under § 320.59, Fla.Stat., F.S.A. See Carraway v. Revell, Fla.1959, 116 So.2d 16. We also affirm the summary judgment in favor of the driver Holmes on authority of Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5. The absence of a triable issue is not so clearly established in the Holmes case, but after reviewing the evidence which was before the court we conclude as did the able trial judge that no genuine issue of material fact was developed for trial. As we view the record, the facts shown and inferences reasonably to be drawn therefrom are not such as would sustain a finding of gross negligence of the *145 host-driver LaPrade or of negligence of the driver Holmes.
We are not insensitive to the plight of the injured plaintiff, who was a victim without fault of this senseless highway carnage. That she should find herself without recourse against either driver may be hard for the lay mind to understand. The failure of her case here was due to an absence of evidence of guilt of the defendants under the law, without which they may not be required to respond in damages.
Accordingly, the judgments appealed from are affirmed.