WIGGINTON, Judge.
Appellants, the owners and operators of a self-service food market, have appealed a final judgment entered upon a jury verdict rendered in favor of appellees. It is contended, among other things, that the trial court erred in denying appellants’ motions for a directed verdict on each of the two causes of action alleged in the complaint filed against them, which motions were made at the conclusion of plaintiffs’ evidence and again at the conclusion of all evidence submitted by the parties.
This is a typical slip and fall case occurring on the premises of a food market. The complaint filed by appellees alleges that appellee Margaret Rogers was a customer in appellants’ store, and as she walked along one of the aisles near the produce department she stepped on a piece of vegetable matter which caused her foot to slip from under her throwing her heavily and violently to the floor resulting in bodily injuries for which she claimed damages. Ap-pellees’ complaint alleges two distinct causes of action (a) for operational negligence in that the defendants or their employees negligently placed vegetable matter on the floor thereby creating a dangerous condition which proximately resulted in the injuries sustained by appellee, or, in the alternative, (b) for negligent acts of omission in that the defendants knew, or through the exercise of reasonable care should have known, of the presence of vegetable matter on the floor which constituted a dangerous condition, which condition existed for a period of time sufficient to have allowed appellants to remedy the condition and prevented the ensuing injury to appellee.
*865 The evidence reveals without dispute that Mrs. Rogers, after entering the store, turned into the produce aisle and proceeded a short distance to the dairy case where she bought some eggs and cheese; that no one else was present in the produce aisle during the time she was shopping therein except an employee working at the front of the store engaged in arranging produce in the display cases; that after shopping four or five minutes in the produce aisle Mrs. Rogers started to leave by retracing her steps over the course she had previously taken when she entered the aisle; that as she walked along in a normal manner she stepped on something which she later identified as being a green slimy substance; that she slipped and fell violently to the floor sustaining serious bodily injury; that the vegetable matter on which she stepped protruded about an inch from her heel and she observed a wet streak on the floor where she had slipped and fallen. Although Mrs. Rogers did not particularly look, she testified that she saw no other vegetable matter on the floor in the aisle where she fell.
Appellants contend upon the authorities hereinafter mentioned that plaintiffs’ proof was wholly insufficient to establish a cause of action for operational negligence as alleged in their complaint, and that the court erred in denying their motion for directed verdict on this cause of action for which appellees claimed damages.
In Food Fair Stores, Inc. v. Trusell[1] plaintiff slipped and fell in a supermarket while shopping for groceries, resulting in serious bodily injuries for which she sued and claimed damages. Her cause of action was based upon operational negligence of the defendant consisting of allegations to the effect that defendant and its employees negligently permitted vegetable matter to be placed on the floor of their store in the aisle where plaintiff was shopping, thereby creating a dangerous condition which proximately caused the injuries suffered by plaintiff. The facts in that case are strikingly similar to the facts in the case sub judice. In Trusell the plaintiff was a customer in defendant’s store; she stepped on a piece of lettuce which was lying on the floor of the aisle in which she was shopping causing her to fall and suffer the ensuing injuries for which she claimed damages; no one knew how the lettuce happened to be on the floor and no one knew how long it had been there and who placed it there. There was no testimony that the lettuce had been placed on the floor either by an employee of the store or by a customer. In the case sub judice Mrs. Rogers testified she did not know how the vegetable substance on which she slipped happened to be on the floor; she testified she did not know how long it had been there or who placed it there. She was unable to say whether the vegetable matter on which she slipped had been placed on the floor either by an employee of the store or by a customer.
In Trusell there was evidence to the effect that bag boys were supposed to empty the shopping buggies of paper, debris, loose particles of vegetables or greens before stacking them, and that sometimes loose leaves did fall from the buggies to the floor, being shaken loose by the stacking process. In holding that the evidence in Trusell was not sufficient to support a cause of action on the theory of operational negligence the Supreme Court, speaking through Justice Thornal, said:
“ * * * It is apparent that a jury could not reach a conclusion imposing liability on the petitioner without indulging in the prohibited mental gymnastics of constructing one inference upon another inference in a situation where, admittedly, the initial inference was not justified to the exclusion of all other reasonable inferences. If permitted, this would be directly contrary to the cases which we have cited. Hence the direct conflict between the instant case and our prior decisions.”
*866 In Trusell a summary judgment in favor of the defendant Food Fair Stores rendered by the circuit court, which had been reversed by the District Court of Appeal, was reinstated by the Supreme Court and the action was ordered dismissed.
The case of Winn-Dixie Stores, Inc. v. Manning[2] was also a slip and fall case which occurred in a self-service food store. The cause of action alleged in the complaint by the injured shopper was one based upon operational negligence of the store and its employees in negligently permitting grapes to remain on the floor of the produce aisle creating a dangerous condition which proximately caused plaintiff’s fall resulting in bodily injuries for which she claimed damages. The plaintiff’s testimony was that on the day of the accident she was shopping in defendant’s store and while walking down the produce aisle she slipped and fell. After her fall, she saw three or four grapes on the floor and a grape on her shoe heel. She noticed that grapes displayed by the store for sale were stacked very high on a table and piled in loose bunches, the stack of grapes being approximately eight to ten inches above a surrounding retaining rail intended to contain them. It was established that no clerk was present to serve the grapes, but that customers were required to place them in bags and take them to an employee of the store for weighing. Plaintiff testified that the area where she fell was well lighted so that the grapes would have been seen on the floor by her had she looked; that she did not see any grapes fall from the table onto the floor, did not know how they came to be there, and did not know how long the grapes in question had been there. In reversing the judgment entered in the trial court in favor of the injured plaintiff the Second District Court of Appeal, speaking through Judge Kanner, said:
“In the present case, wherein plaintiffs also rely on operational procedure of defendant as creating a hazardous condition, there was, as was true of the lettuce fragment in the Trusell case, no testimony as to how the grapes came to be on the floor, how long they had lain there, or who placed them there. No testimony indicated whether they were caused to be on the floor by an employee or a customer. As related, this case is not concerned with the question of either actual or constructive knowledge.
“A conclusion that the presence of the grapes on the floor was a result of operational negligence through employees of defendant that created the hazard claimed would necessitate conjecture. Circumstantial evidence in a civil action will not support jury inference if that evidence is purely speculative and is inadequate to produce an inference outweighing all contrary or opposing inferences. * * * ”
It is our view that the decision in the case sub judice should be and is controlled by the decisions rendered in the Trusell and Manning cases, supra. The evidence is wholly insufficient to establish the cause of action alleged in the complaint which is based upon the claim of operational negligence by defendant and its employees. As a matter of fact the correctness of this conclusion is conceded by appellees who, after discussing in their brief the proof offered at the trial in support of their cause of action premised upon operational negligence, say: “If this was the only evidence and issue in this case, then the plaintiffs would be forced to concede that a verdict should be directed against them.” Appellees contend, however, that the evidence is sufficient to establish a prima facie case of liability on the cause of action premised on constructive knowledge and based upon the claim that defendant and its employees negligently permitted the vegetable matter creating a dangerous condition to remain on the floor of their store an unreasonable length of time during which they could have removed *867 it and thereby prevented the injuries suffered by appellees. Even conceding ap-pellees’ position in this regard to be correct for the sake of argument, it does not cure the error about which appellants complain.
It is our view that the trial court erred in denying appellants’ motion for a directed verdict on the cause of action alleged in the complaint charging defendants with operational negligence. This error was compounded by the trial judge in his instructions to the jury wherein he fully charged the jury on the law relating to operational negligence and instructed that if the jury found plaintiffs had proved the allegations of their complaint by a preponderance of the evidence, then a verdict should be rendered for them. Since the evidence was insufficient to establish a prima facie case of operational negligence, this cause of action should have been withdrawn from jury consideration and no instructions relating to the law governing this issue should have been given to the jury. In the case of Sirmons v. Pittman,[3] this Court, in an opinion authored by Judge Sturgis, held:
As clearly implied by the trial judge in the course of the conference settling the instructions in this cause, the only theory upon which he denied plaintiff’s motion for a directed verdict was that there existed competent material evidence from which the jury might conclude that Mrs. Sirmons met her death as the result of an ‘unavoidable accident’ (see the above quoted colloquy). As we have said, however, the evidence is insufficient to support that premise. Where the operator of an automobile, through his negligence, has produced a situation of danger, he cannot avoid liability for the resulting accident on the ground that after the situation had arisen the accident was unavoidable, or that he did all he could, or all that could be expected of him, to avoid it; nor is a collision unavoidable, so as to relieve a motorist of liability, if he was guilty of negligence proximately contributing to the collision. 60 C.J.S. Motor Vehicles § 256, p. 623. The conclusion is therefore inescapable that giving the instruction in question was prejudicial error in that it tended to mislead and confuse the jury.
“The final judgment in favor of defendant Drummond is reversed and the cause remanded for a new trial.”
For the reasons set forth above, the judgment appealed is reversed and the cause remanded for further proceedings consistent with the views set forth herein.
Reversed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. Food Fair Stores, Inc. v. Trusell (Fla.1961), 131 So.2d 730.

. Winn-Dixie Stores, Inc. v. Manning et al. (Fla.App.1962), 143 So.2d 330.

. Sirmons v. Pittman et al. (Fla.App.1962), 138 So.2d 765.