166 So.2d 720 (1964)
Joseph HUNT, Sr., individually and as Administrator of the Estate of Jessie Bell Hunt, deceased, Appellant,
v.
Paul U. GERBER, Jr., and Metropolitan Dade County, a Political subdivision of the State of Florida, d/b/a Kendall Hospital, Appellees.
No. 63-613.
District Court of Appeal of Florida. Third District.
July 7, 1964.
Rehearing Denied August 25, 1964.
*721 Papy & Carruthers and Ronald W. Vogler, Miami, for appellant.
Brigham & Dence, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and John W. Thornton, Miami, for appellees.
Before BARKDULL, C.J., and HORTON and HENDRY, JJ.
HORTON, Judge.
This appeal is from an adverse summary judgment in a malpractice suit. The summary judgment was entered before answer by the appellees and mainly upon the deposition of the attending physician, the appellee Gerber, and certain hospital records.
The appellant contends in the main that the appellees failed to accord to appellant's decedent the attention and care required for a person recovering from an operation.
The appellant's decedent, after an operation and while still under the effects of anesthesia, was removed to the recovery room of the hospital at approximately 2:40 in the afternoon of July 25, 1962. The appellee Gerber, attending physician, testified that when the decedent was removed from the operating room, she was breathing sufficiently well to permit the removal of the endotracheal tube and she was thereafter placed in the care of the recovery room nurse. The deceased was next seen by appellee Gerber in the recovery room. She was found to be breathing properly and her blood pressure and pulse were relatively normal for a patient who had undergone an operation. The appellee Gerber then left the decedent and was allegedly recalled to the recovery room at approximately 5:00 P.M., when the decedent's breathing rate had dropped to less than ten breaths per minute. The appellee Gerber never left the hospital but instead was within approximately thirty feet of the recovery room at all times conducting examinations of other patients. The breath rate of the decedent, according to the hospital chart, apparently began to drop at around 3:15 on the afternoon of the operation. The decedent expired at 9:20 P.M., on July 27th, apparently without having regained consciousness.
The appellant strenuously contends that the hospital records as well as the testimony in the deposition of appellee Gerber are sufficient to demonstrate the lack of attention and care on the part of the appellees.
We are unable from an inspection of the record to find any evidence showing a violation of the standard of care imposed upon the hospital. As a matter of fact, *722 there has been a total failure to show what standard of care was required under the circumstances of this case or that the hospital failed to meet the standard. Likewise the same would apply to the appellee Gerber. The record is barren as to what the doctor did that he should not have done or what he failed to do that he should have done. See Foster v. Thornton, 113 Fla. 600, 152, So. 667; Memorial Hospital v. Doring, Fla. App. 1958, 106 So.2d 565.
The appellant was charged with the duty of coming forward with proof of the standard of care as well as the breach of that standard and demonstrating that such breach was the proximate cause, or facts from which it could be reasonably inferred that such breach was the proximate cause of the decedent's death. In the face of these deficiencies, we think the trial judge was correct in rendering the summary judgment. The fact that the decedent died, regrettable as it is, does not necessarily establish negligence on the part of the hospital or the doctor.
We think this case comes squarely within the principles announced by the Supreme Court of Florida in Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5. To permit this case to go to the jury would be in effect granting the jury a license to speculate as to what caused the death of the decedent, for the record in this case is barren of any causal relationship between the treatment accorded to the decedent and the fact of her death. The burden of establishing not only the negligent act but its causal relationship to the death of the decedent is upon the appellant. The appellant has failed to discharge that burden. Accordingly, the judgment appealed should be and is hereby affirmed.
Affirmed.