182 So.2d 309 (1966)
Guy G. BATES, Appellant,
v.
WINN-DIXIE SUPERMARKETS, INC., a Florida corporation, and Kwik Chek Supermarkets, Inc., a Florida corporation, Appellees.
No. 5528.
District Court of Appeal of Florida. Second District.
January 14, 1966.
Rehearing Denied February 9, 1966.
Guy N. Perenich, of Muscarella & Perenich, Tampa, for appellant.
John W. Boult, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellees.
*310 LILES, Acting Chief Judge.
Appellant, who was the plaintiff in the trial court, brings this appeal from an order granting a final summary judgment in favor of appellees, defendants below.
Plaintiff, Guy G. Bates, brought an action against defendants alleging that he slipped and fell on a banana peel while shopping in one of defendants' supermarkets. Plaintiff alleged that he was pushing one of defendants' shopping carts, following the basic shopping pattern, and had entered the southern-most aisle when he slipped on a banana peel and fell. At the end of the spot where plaintiff's shoe slid across the floor there was found an old black banana peel. The place where plaintiff fell was not near or adjacent to defendants' usual produce counter. Plaintiff alleged that the peeling had been on the floor long enough for defendants' employees to have known of or discovered its presence, and that defendants were negligent in not correcting the dangerous condition thus created. Defendants filed their answer and defenses and moved for a summary judgment after taking depositions.
The trial court granted defendants' motion for a summary judgment on the basis that the pleadings, depositions and admissions showed no genuine issue of material fact since the plaintiff could not show how long the peeling had been on the floor and was therefore precluded from recovery against the defendants.
The record before us fails to show evidence as to how long the banana peel had been on the floor. The peeling itself was described by the deponents, which included the plaintiff, as "dark," "over ripe," "black," "old," and "nasty looking." The courts in Florida have followed the general rule in slip and fall cases which is set forth by the Supreme Court in Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5, at page 6 (Fla. 1959) where the Court said:
"* * * The established rule in this state is that if the dangerous condition of the floor is created by a servant or agent of the owner, or even if created by an outsider, and the condition is one which has existed for sufficient length of time that the owner should have known of it, then under these circumstances the owner may be held liable for ensuing injuries. Carls Markets, Inc. v. Meyer, Fla. 1953, 69 So.2d 789. * * *"
There is no evidence before us to show that the banana peel was on the floor through the negligence of any of defendants' employees nor that it was there through any act of an outsider. Plaintiff argues that the color of the peel may be used to show that the condition had existed for a sufficient length of time that the defendants should have known of it and relies on Miami Shores Village v. Lingler, 157 So.2d 716 (D.C.A.Fla. 1963). In that case a pedestrian was injured by a metal rod protruding from a concrete bumper located adjacent to the street. The metal showed signs of rust and other marks of discoloration indicating that the condition had existed for quite some time prior to plaintiff's injury. That case can be distinguished from the instant case for the reasons that the installation date of the bumper and the condition of the metal at installation could be shown with some certainty, and also the condition of the metal, which showed signs of rust, indicated that the condition had existed for a sufficient length of time for the owner to have known of it.
We are not permitted to indulge in constructing one inference upon another. Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla. 1961). There the Florida Supreme Court stated, at page 733:
"* * * It is apparent that a jury could not reach a conclusion imposing liability of the petitioner without indulging in the prohibited mental gymnastics of constructing one inference upon another inference in a situation where, admittedly, the initial inference *311 was not justified to the exclusion of all other reasonable inferences. * * *"
In the instant case, to infer from the color and condition of the peeling alone that it had been there a sufficient length of time to permit discovery, we would first have to infer that the banana peel was not already black and deteriorated when it reached defendants' floor. This is the type of "mental gymnastics" prohibited by the Trusell decision, supra, since the latter inference, under the circumstances, is not to the exclusion of all other reasonable inferences.
In view of the foregoing, the trial court's entry of the final summary judgment is hereby affirmed.
HOBSON and KANNER (Ret.), JJ., concur.