OWEN, Judge.
Plaintiff appeals from a summary judgment for defendants in a slip and fall case. We are of the view that the record discloses genuine issues of material facts thereby precluding entry of a summary judgment for defendants.
Defendants were the general contractor and a subcontractor for the construction of the Vertical Assembly Building at Cape Canaveral. Plaintiff was employed by the Army Corps of Engineers to photograph the construction at various stages of completion. While plaintiff was engaged in this assignment on the 34th floor of the building, he stepped in some hydraulic oil which had accumulated on the concrete floor creating a slippery condition, causing plaintiff to slip and fall, thereby sustaining personal injuries.
The only identified persons having knowledge of the accident were the plaintiff and his camera assistant, David Rock, whose depositions were taken and were before the court at the time of hearing on defendants’ motions for summary judgment. These depositions disclose that neither the plaintiff nor his assistant had any knowledge as to how the oil got on the floor nor how long it had been there before the accident. Appellees contend that plaintiff’s inability to produce any evidence showing either how the oil got on the floor or for how long a period of time it had been on the floor prior to the accident entitled them to the summary judgment in their favor, citing in support of their position Food Fair Stores, Inc. v. Trusell, Fla.1961, 131 So.2d 730; and Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5.
Notwithstanding the inability of plaintiff to produce evidence on these matters, there was other testimony in this case which we believe clearly distinguishes it from the rationale of the cited cases relied upon by appellees. The depositions of plaintiff and his assistant establish that for a period of 45 minutes they had been on the 34th floor of the building in the immediate area where plaintiff fell, and that during that interval of time the only other *447 persons who were in the area were workmen engaged in the construction. While the depositions did not establish the identity of any of these workmen by name, their protective helmets bore distinctive insignia and color to identify them as workmen for one or more of the defendants. Plaintiff also testified that when he first arrived in the area there were two hydraulic jacks standing near the spot where plaintiff subsequently fell, although he conceded that he did not know whether the hydraulic jacks contained oil or wheher the oil came from such jacks, and that he did not notice the oil on the floor at the time the jacks were taken away by some workmen.
This testimony requires an inference either that the oil was on the floor before plaintiff arrived, and hence had been there for a period of more than 45 minutes, or that the oil had been spilled on the floor by one of the workmen or had leaked from some equipment under the control of one of the workmen, since no one other than workmen had been in the vicinity since the plaintiff and his assistant arrived.
Under the latter inference, the dangerous condition having been created by the defendants’ employees, defendants would be chargeable with knowledge of its existence as well as the necessity of promptly correcting the condition or giving plaintiff adequate warning of it. Winn-Dixie Stores, Inc. v. Manning, Fla.App.1962, 143 So.2d 339; Food Fair Stores of Florida, Inc. v. Patty, supra. If the alternative inference is drawn, a clear factual issue exists as to whether the dangerous condition had existed for a sufficient period of time to impose upon the defendants constructive knowledge of its existence, and the subsequent duty to correct the dangerous condition or warn the plaintiff of it. Carls Markets v. Meyer, Fla.1953, 69 So.2d 789; Food Fair Stores of Florida, Inc. v. Patty, supra. Since the facts necessarily require that either one or the other of such inferences be drawn therefrom, such facts clearly distinguish the instant case from Food Fair Stores, Inc. v. Trusell, supra.
The summary judgment is reversed and the cause remanded for further proceedings.
CROSS, J., and HENSLEY, ROBERT E., Associate Judge, concur.