JOHNSON, Judge.
The defendants-appellants appeal a final judgment entered upon a jury verdict awarding plaintiffs-appellees $18,000.00 in damages sustained as a result of a fall in appellant’s grocery store. It is contended by appellants that their motions for a directed verdict should have been granted inasmuch as there was no evidence from which a jury could conclude that negligence on the part of appellant caused ap-pellee’s fall.
This cause of action arises out of a typical slip and fall incident occurring while appellees were shopping in appellant’s Jitney Jungle Store. Appellees had been in the store about fifteen minutes before Mrs. Montgomery slipped and fell near the table containing fresh collard greens. She had previously been to that table, selected some *33 collard greens, returned them to her shopping cart, had gone after some other items and was returning to the section near the collard green table where she fell. Mr. Montgomery walked over to Mrs. Montgomery when she fell and found some collard leaf on her shoe and a black mark on the floor. He stated that he saw several wilted collard leaves lying on the floor.
Two store employees testified. One employee testified that within five or six minutes before the fall occurred, he had swept the produce aisle with a large, dry mop. The other employee testified that he had been in the aisle where the fall occurred two or three minutes before the fall checking the stock on the shelves. He saw no leaves or other foreign material on the floor and he had standing instructions to pick up any foreign material that he saw on the floor.
Appellants contend that their motions for a directed verdict should have been granted for the reason that there was no evidence from which the jury could lawfully conclude that the collard leaf or leaves were on the floor because they were dropped by an employee or that an employee knew they were there before appellee fell or that they had been there so long that an employee should have known they were there. As authority for this position, appellants cite the following cases: Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla.1959); Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla.1961): Winn-Dixie Stores, Inc. v. Manning, 143 So.2d 339 (Fla.App.2nd, 1962); Lewis v. Rogers, 164 So.2d 864 (Fla.App.lst, 1964); Bates v. Winn-Dixie Supermarkets, Inc., 182 So.2d 309 (Fla.App.2nd, 1966).
We must agree. The cases cited by ap-pellees are not applicable to the present factual situation. Here, there was evidence that the immediate floor area had been swept by an employee within five to ten minutes before the fall and that, only two to three minutes before the fall, another employee had been in the vicinity of the fall and had not seen any foreign material on the floor. And, there were other customers in the store at the time of the accident. The fact that Mr. Montgomery testified that the skidmark was black and that there were other “wilted” leaves lying on the floor does not change the result in this case, for to let it do so would be to engage in “mental gymnastics.” The color and condition of the collard leaves does not alone show that they had been dropped on the floor by an employee nor that they had been there a sufficient length of time to permit discovery by store employees. Food Fair Stores, Inc. v. Trusell, supra; Bates v. Winn-Dixie Supermarkets, Inc., supra.
For the reasons set forth above, the judgment appealed herein is reversed and the trial judge is directed to enter a judgment in favor of appellants.
Reversed.
SPECTOR, C. J., and WIGGINTON, J., concur.