PER CURIAM.
Plaintiff, Poston Bridge & Iron, Inc., appeals a summary final judgment for the defendants, The Home Insurance Company and Gladys Xiques. Defendant Home Insurance insured Poston against loss of money resulting from fraudulent or dishonest acts committed by Poston’s employees. Gladys Xiques was an employee of Poston. It was alleged that she converted money belonging to Poston.
*112 The summary judgment was entered after voluminous discovery. Poston maintains that the judgment was improperly entered because there was a genuine issue of material fact as to the extent of its employee’s theft of its money and of the affirmative defense asserted by Home Insurance. See Holl v. Talcott, Fla.1966, 191 So.2d 40. Home Insurance maintains that the discovery evidence clearly shows that the only basis for the claim is that Poston cannot now locate certain xecords of the handling of its petty cash fund and that, therefore, it is conclusively demonstrated that Poston is without legitimate and admissible proof to recover under the policy provisions. See Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5. Defendant Xiques has not filed a brief in this court.
Our review of the depositions, answers to interrogatories and responses to requests for admissions convinces us that the record does not conclusively demonstrate that Poston cannot prove any of its claims under its policy against its employee. In order to reach the conclusion that, “the plaintiff is completely without proofs to sustain her comlaint.[1]” it would be necessary to rule upon the admissibility of numerous items of evidence which are not yet before the court. In addition, it appears that Poston’s position that vouchers for cash were used more than once by Xiques to obtain payment into the petty cash fund is susceptible of proof. We do not limit ourselves to these items but hold that the record in its entirety does not meet the standard set out in Food Fair v. Patty, supra, and subsequent cases approving that basis for summary judgment.[2]
Reversed.

. Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5 at 7.

. See Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780; Morton v. Mastan Co., Inc., Fla.App.1966, 181 So.2d 575; Holl v. Talcott, Fla.1966, 191 So.2d 40; Page v. Staley, Fla.App.1969, 226 So.2d 129; Robinson v. Loyola Foundation, Inc., Fla.App. 1970, 236 So.2d 154, and Cristel v. City of Miami Beach, Fla.App.1971, 246 So.2d 595.