545 So.2d 337 (1989)
CARNIVAL CRUISE LINES, INC., Appellant,
v.
Arliss CORBIN, Appellee.
No. 88-1480.
District Court of Appeal of Florida, Third District.
May 16, 1989.
Rehearing Denied July 14, 1989.
*338 Kelley Drye & Warren including Smathers & Thompson and Brooks C. Miller, Miami, for appellant.
Waks & Barnett, Daniels & Hicks and Ralph O. Anderson, Miami, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
We have for review a final judgment entered pursuant to a jury verdict in favor of appellee in a slip-and-fall accident which occurred on appellant's cruise ship. We affirm.
Taking the facts in the light most favorable to appellee, who was plaintiff below, the appellant closed the main dining room to passengers for at least a twenty-minute interval while the staff prepared the room for the evening meal. As part of those preparations, the maitre d' checked the interior stairs within the dining room, and found nothing amiss. When the doors were opened to passengers, appellee was the first passenger to reach the interior stairway. She testified that she slipped on a cylindrical object on the steps, fell, and was injured. Her sister testified that after the accident, she saw a member of the crew pick up a pen and put it in his pocket. On those facts the jury could find liability by a preponderance of the evidence, as the conclusion is inescapable that either the inspection of the stairs was negligently performed and failed to turn up the errant pen, or that after the inspection was performed but before the doors were opened, a crew member dropped the pen on the stairs. In either event the appellant is liable. See Bars v. Morrison-Knudsen Co., 222 So.2d 445 (Fla. 4th DCA 1969).
We agree that maritime principles are applicable, but perceive no material difference between Florida and maritime law as they apply to this accident. See Luby v. Carnival Cruise Lines, Inc., 633 F. Supp. 40 (S.D.Fla.), aff'd, 808 F.2d 60 (11th Cir.1986). Finally, we find no error in the jury instructions.
Affirmed.