BARFIELD, Judge.
The plaintiffs deposition testimony demonstrates that she cannot prove an element necessary to succeed in her negligence action against the drug store: that the hazardous condition which caused her fall was created by a store employee, or that the store knew of the existence of the hazardous condition, or that the hazardous condition had existed for a sufficient length of time prior to her fall that the store should have known of its existence. Summary judgment was therefore proper. See Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla.1959); Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla.1956); *1237 Schaap v. Publix Supermarkets, Inc., 579 So.2d 831 (Fla. 1st DCA 1991). See also Holl v. Talcott, 191 So.2d 40 (Fla.1966); Harvey Bldg., Inc. v. Haley, 175 So.2d 780 (Fla.1965); Food Fair Stores v. Trusell, 131 So.2d 730 (Fla.1961); Broz v. Winn-Dixie Stores, Inc., 546 So.2d 83 (Fla. 3d DCA 1989); Haynes v. Lloyd, 533 So.2d 944 (Fla. 5th DCA 1988); Smith v. Winn Dixie Stores, Inc., 528 So.2d 987 (Fla. 3d DCA 1988); Bates v. Winn-Dixie Supermarkets, Inc., 182 So.2d 309 (Fla. 2d DCA), certiorari denied, 188 So.2d 813 (Fla.1966); Sammons v. Food Fair Stores of Florida, Inc., 118 So.2d 231 (Fla. 2d DCA 1960).
AFFIRMED.
MINER and WOLF, JJ., concur.