PER CURIAM.
Winn-Dixie Stores, Inc., appeals a final judgment rendered in favor of Janet and Jerry Mazzie following a jury verdict awarding damages for a slip and fall in the deli department of one of Winn-Dixie’s food stores.
Janet Mazzie walked to the deli department to buy some pepperoni, but upon seeing a Winn-Dixie employee kneeling in front of the refrigerated case containing the item, she decided to do some other shopping first. She then walked to the meat department in another area of the store and obtained a selection. Because she was talking to a butcher in the meat department, it was, according to Mazzie, “a little bit” before she returned to thé deli department to obtain the pepperoni. The employee that Mazzie had earlier observed in front of the case had left the deli area by the time she returned. Unfortunately, upon her return to the area, she slipped and' fell to the floor and was injured. At trial, she testified that she did not see any foreign matter on the floor before falling, but noticed, after the fall, a clear odorless liquid that looked like water. She admitted that she never saw the employee in front of the refrigerator case drop anything on the floor and did not know how the liquid got on the floor or how long it had been there.
A Winn-Dixie employee testified that a zone check ten minutes before Mazzie fell revealed no foreign matter. The employee who was observed by Mazzie in the deli area testified that he was restocking hot dogs at the time and that he checked the floor before he left the area and that everything was clear and fine.
Two customers who witnessed the fall testified that they observed nothing on the floor. One of the customers testified that she crawled around on the floor while assisting Mazzie and specifically checked for any substance on the floor so that no one else would be injured, but she saw nothing. A paramedic who assisted Mazzie after the accident testified that he saw a puddle of water the size of a dinner plate on the floor next to where Mazzie had fallen.
This court, in Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213 (Fla. 5th DCA 1989), opined that,
An entity in the actual possession and control of a premises, such as a supermarket, to which members of the public are invited, is not an insurer of the safety of such persons, nor is the possessor strictly liable, or liable per se without fault, for injuries resulting to invitees from dangerous conditions on the premises; nevertheless, such a possessor basically has two legal duties to protect invitees from the harmful effects of dangerous premises conditions. First, such a premises possessor has a legal duty to ascertain that the premises are reasonably safe for invitees. This duty equates into a legal duty to use reasonable care to learn of (i.e., to acquire actual knowledge as to) the existence of any dangerous conditions on the premises. Secondly, the premises possessor has a second, entirely different, legal duty to use reasonable care to protect invitees from dangerous conditions of which the possessor has actual knowledge.
Winn-Dixie Stores, Inc., 553 So.2d at 214 (footnotes omitted). Thus, to recover for injuries incurred in a slip-and-fall case, the plaintiff must generally prove that the owner of the premises had actual or constructive notice of the dangerous condition. Schaap v. Publix, 579 So.2d 831 (Fla. 1st DCA 1991).
There is no evidence in the instant case that Winn-Dixie had actual notice of the liquid on the floor. None of the employees were aware of any substance being on the floor and Mazzie’s testimony indicates only that she did not know what the employee in the deli department was doing; she thought that he might be restocking, or maybe cleaning or wiping something because he was close to the floor, but when specifically questioned, she admitted that she really did not know what he was doing.
The Mazzies argue constructive notice should be charged to Winn-Dixie because Mrs. Mazzie fell in almost the same area where the restocking employee was working within approximately five minutes of the last time she saw him. Mazzie, however, readily admits that she does not know the *929 nature of the traffic or the activities in that area within the period of her absence.
In Hamideh v. K-Mart Corp., 648 So.2d 824 (Fla. 3d DCA), rev. denied, 659 So.2d 271 (Fla.1995), the third district held that evidence that a K~Mart employee may have been stocking shelves with shampoo bottles in the same aisle where a customer slipped and fell on a substance that may have been shampoo was insufficient, without more, to create an inference that the employee caused the substance to be on the floor or that El-Mart had either actual or constructive notice of the dangerous condition, as required to hold owners liable for customers’ injuries. We find similarly, in the instant case, that evidence that a Winn-Dixie employee was previously restocking a deli refrigerator which was in the same area where Mazzie slipped and fell is insufficient to create an inference that Winn-Dixie had constructive notice of any dangerous condition. We find the Mazzies’ case is similar to numerous Florida cases holding that the premises owner is not liable for injuries sustained by invitees who slip and fall as a result of a foreign substance on the floor when the invitee provides no competent evidence of actual or constructive knowledge by the premises owner of the dangerous condition. Id; see also Miller v. Big C Trading, Inc., 641 So.2d 911 (Fla. 3d DCA), rev. denied, 650 So.2d 990 (Fla.1994); Silver Springs Moose Lodge No. 1199 v. Orman, 631 So.2d 1119 (Fla. 5th DCA 1994); Schaap v. Publix Supermarkets, Inc., 579 So.2d 831 (Fla. 1st DCA 1991); Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213 (Fla. 5th DCA 1989); Winn Dixie Stores v. Gaines, 542 So.2d 432 (Fla. 4th DCA 1989); Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987); Bates v. Winn-Dixie Supermarkets, Inc., 182 So.2d 309 (Fla. 2d DCA), cert. denied, 188 So.2d 813 (Fla.1966); Lewis v. Rogers, 164 So.2d 864 (Fla. 1st DCA), cert. denied, 170 So.2d 590 (Fla.1964); Winn-Dixie Stores, Inc. v. Manning, 143 So.2d 339 (Fla. 2d DCA 1962); Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla.), judgment vacated, 132 So.2d 231 (Fla. 3d DCA 1961).
We reverse the final judgment in favor of the Mazzies and direct the trial court to enter final summary judgment for Winn-Dixie.
REVERSED; REMANDED.
PETERSON, THOMPSON and ANTOON, JJ., concur.