729 So.2d 449 (1999)
Evelyn OWENS and John J. Owens, her husband, Appellants/Cross-Appellees,
v.
PUBLIX SUPERMARKETS, INC., Appellee/Cross-Appellant.
No. 98-683.
District Court of Appeal of Florida, Fifth District.
March 12, 1999.
Rehearing Denied April 22, 1999.
B.C. Muszynski, Kissimmee, for Appellants/Cross-Appellees.
Richard S. Womble and Gregory D. Prysock, of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellee/Cross-Appellant.

ON MOTION FOR REHEARING EN BANC
HARRIS, J.
We grant the appellee's Motion for Rehearing En Banc filed with this court on December 21, 1998. We withdraw our previous opinion released December 4, 1998, and substitute this opinion. We deny appellee's Motion for Rehearing and Clarification. We also deny appellee's Motion for Certification.
The question in this case is whether a plaintiff who fell in a supermarket can get to the jury by merely showing that she fell on a "slightly discolored" banana fragment lying on the floor. The trial court granted a directed verdict for the defendant because the evidence was insufficient to show that defendant had any knowledge, actual or constructive, that the banana fragment was there.
The supreme court in Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla.1973), established that there is no owner liability in situations such as this unless sufficient proof of knowledge of the dangerous condition, actual or constructive, is shown. The court stated:
There are a number of Florida cases holding that a store owner is not liable for injuries sustained by customers who slipped and fell as a result of a foreign substance on the floor, when the customers cannot prove how the foreign substance got on the floor, or who put it there, or how long it had been there. In each of these cases, however, when the facts are carefully analyzed, there is no proof, either direct or circumstantial that would give rise to an inference that the foreign substance had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence.
Id. at 306.
Does the fact that a piece of discolored banana is found on the floor give rise to an inference that the banana fragment had been there long enough to give this critical constructive knowledge? The answer is that it depends on the other circumstances of the case. In Montgomery, the plaintiff was able to present additional circumstances to establish *450 the span of time the leaf had been on the floor. These additional circumstances were:
(1) Plaintiff and her husband had been in the area of the fall for fifteen minutes prior to the accident;
(2) No other shoppers were around the area where she fell;
(3) No one swept the floor during that period;
(4) During this period, two store employees were in the area;
(5) Not only was the leaf wilted but it was also "dirty looking."
This testimony indicates that if the plaintiff is believed, the leaf was on the floor for at least 15 minutes and that it was, or should have been, observed by two of the store's employees. The supreme court approved the holdings of other slip and fall cases holding that if something is on the floor for 15-20 minutes, the store may be charged with such knowledge. Montgomery is consistent with those cases. But in this case, there was simply no additional circumstantial evidence to raise an inference of constructive knowledge which would permit plaintiff to withstand a motion for directed verdict.
In Bates v. Winn-Dixie Supermarkets, Inc., 182 So.2d 309 (Fla. 2d DCA 1966), the court was asked by plaintiff to infer that the banana peel had been on the floor long enough to give constructive knowledge because the peel was "dark," "over ripe," "black," "old," and "nasty looking." The court refused stating:
We are not permitted to indulge in constructing one inference upon another. Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla.1961). There the Florida Supreme Court stated, at page 733:
"* * *It is apparent that a jury could not reach a conclusion imposing liability of the petitioner without indulging in the prohibited mental gymnastics of constructing one inference upon another inference in a situation where, admittedly, the initial inference was not justified to the exclusion of all other reasonable inferences. * * *"
In the instant case, to infer from the color and condition of the peeling alone that it had been there a sufficient length of time to permit discovery, we would first have to infer that the banana peel was not already black and deteriorated when it reached defendant's floor. This is the type of "mental gymnastics" prohibited by the Trusell decision, supra, since the latter inference, under the circumstances, is not to the exclusion of all other reasonable inferences.
Id. at 310-11.
To justify the inference sought by plaintiff herein, we would have to assume that the aging of the banana fragment occurred on the floor of the market and not in the store's fruit bin from which it was taken by a customer and a portion given to an infant being pushed in a shopping cart who dropped it on the floor shortly before plaintiff came along. Although either possibility exists, since it is plaintiffs obligation, in order to show constructive knowledge, to prove that the aging occurred on the floor, the directed verdict was proper.
AFFIRMED.
GRIFFIN, C.J., COBB, GOSHORN, PETERSON, THOMPSON and ANTOON, JJ., concur.
W. SHARP, J., DISSENTS, WITH OPINION, IN WHICH DAUKSCH, J., concurs.
W. SHARP, J., dissenting.
In my view, the trial court erred in directing a verdict for appellee, Publix, because there was sufficient evidence adduced at trial to support a finding by the jury that the piece of banana which caused the appellant, Owens, to slip and fall in the store, had been lying on the floor a sufficiently long time to charge Publix with constructive notice of its presence. The majority opinion ignores precedent in this state and elsewhere, and embraces the impermissible inference on an inference rationale, which was abandoned twenty years ago. I submit this is a great leap in the wrong direction.
Owen's theory of liability in this case turned solely on the theory that the offending piece of banana had been on the floor of *451 the supermarket a sufficiently long time that Publix in its capacity as owner-operator of the store, should have discovered it and cleaned it up, and that failure to do so under the circumstances constituted negligence on its part.[1] Although Owens did not see the substance on which she slipped and fell, another customer in the store, Mrs. Alma Jean Ross, testified she was next to Owens in the chips and bread aisle when Owens fell. She stayed with her until the ambulance came, and she saw the substance that had caused the fall.
Ross testified she observed no one in the aisle where the fall occurred when she entered the store. The piece of banana was discolored, kind of mushed, and squashed down. When asked if it was discolored, she said: "Very much, uh-huh. It wasn't black but it was dark." The squashed part was darker, the color of wood. She surmised "it had been there a bit."
In granting a directed verdict for Publix, the trial court (as well as the majority opinion in this appeal) relied on Bates v. Winn-Dixie Supermarkets, Inc., 182 So.2d 309 (Fla. 2d DCA 1966). There an argument similar to the one put forward by Owens in this case was made by a plaintiff-customer who had tripped on a black, discolored banana peel in the store. The court said such an argument would require the jury to "tack" an impermissible inference on an inference.
[T]o infer from the color and condition of the peeling alone that it had been there a sufficient length of time to permit discovery, we would have to infer that the banana peel was not already black and deteriorated when it reached defendant's floor.
Bates, 182 So.2d at 310. In other words, reliance on the aged appearance of the food item on the floor was not a sufficient basis to infer it had been there any time at all.
In support of this inference-on-an-inference rationale, the Bates court cited Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla.1961). In that case there was no evidence about who dropped the offending piece of lettuce, and no evidence concerning the age or dirty condition of the lettuce. Thus the court affirmed a summary judgment for the defendant store. This case clearly does not support the inference-on-an-inference rationale articulated in Bates.
In the Trusell case, Justice Thornal cited to a prior case in which he had written the majority opinion, Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla.1959). There he explained that in slip and fall cases in a supermarket, a plaintiff can establish negligence in one of two ways. First, by proving that an employee or agent of the store dropped the food item on the floor, i.e., direct negligence. In such cases, the length of time it remained on the floor is immaterial. Second, if dropped by a person who was not an employee, by proving it had remained on the floor a sufficient length of time that the owner-store operator should have noticed it and cleaned it up; i.e., constructive negligence. However, in Patty, as in Trusell, there was no evidence proffered as to who had dropped the green bean on the floor of the store which caused the fall, or how long it had been there. No testimony dealt with its aged appearance or the like.
However, in Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973), the Florida Supreme Court again addressed the constructive notice issue. Part of the evidence proffered by the plaintiff in that case was that a collard leaf that had caused the plaintiff to fall in the store was old, wilted and dirty looking. The court could have embraced the Bates' impermissible inference-on-an-inference logic but significantly, it did not. The First District had used that premise in its opinion, but the supreme court reversed. Florida Jitney Jungle Stores, Inc. v. Montgomery, 267 So.2d 32 (Fla. 1st DCA 1972), quashed by 281 So.2d 302 (Fla.1973). The first district noted:
The fact that Mr. Montgomery testified that ... there were other wilted leaves lying on the floor does not change the result in this case, for to let it do so would be to engage in `mental gymnastics.' The color and condition of the collard leaves *452 does not alone show that they had been dropped on the floor by an employee nor that they had been there a sufficient length of time to permit discovery by store employees.
267 So.2d at 33.
There were other bits of circumstantial evidence in Montgomery to establish the span of time the leaf had been on the floor, and the supreme court concluded the evidence was sufficient to go to the jury on constructive notice. However, the court, in fact, expressly approved consideration of the age and deteriorated condition of the item on the floor as part of that proof. I agree with the majority opinion that the court in Montgomery was not faced with the question in this case of whether the aged condition of the food item was sufficient, standing alone, to create a jury issue on constructive notice. But neither should Montgomery be cited for the proposition that there has got to be more than the aged or dirty condition of the item on the floor to defeat a directed verdict or summary judgment motion.
Other cases have addressed that issue, however, and reached the conclusion that the aged food item or its deteriorated condition can constitute enough to create a jury issue on constructive notice. In Ress v. X-tra Super Food Centers, Inc., 616 So.2d 110 (Fla. 4th DCA 1993), the court held that a summary judgment in favor of the store owner defendant had been improperly granted in a slip and fall case. The primary circumstantial evidence to show that abandoned sauerkraut on the floor on which the plaintiff slipped had been there a substantial time was its aged condition"gunky, dirty and wet and black." And in Washington v. Pic-Pay Supermarket, Inc. 453 So.2d 508 (Fla. 4th DCA 1984), the court similarly held that a directed verdict should not have been granted for the store owner, based largely on the condition of the collard green leaves on which the plaintiff had slipped"old, nasty, collard green leaves ... looked like they had been there for quite awhile."
More recently, the Third District in Colon v. Outback Steakhouse of Florida, 721 So.2d 769 (Fla. 3d DCA 1998) reversed a summary judgment for a restaurant in a lawsuit brought by a patron who had slipped and fallen on a mashed potato lying on the floor of the restaurant. The primary, if not sole evidence supporting constructive notice on the part of the restaurant, was the fact that the potato was mashed and had a dirty appearance. The court ruled that created an issue of fact sufficient to go to the jury.
Courts in other jurisdictions have reached a similar result. In Morris v. King Cole Stores, 132 Conn. 489, 45 A.2d 710 (1946), a slip and fall case in a supermarket, the only evidence available to establish constructive notice was the condition of the food items on the floor, which had caused the patron to fall. He fell on a lot of crushed strawberries and lettuce leaves, "all spread out, and kind of dirty," which looked like several people had previously stepped on them. That case cited Anjou v. Boston Elevated Railway Co., 208 Mass. 273, 94 N.E. 386 (1911), where a banana peel caused a fall. The constructive notice proof came from the condition of the banana peeldry, gritty, trampled flat, and black in color.
In Great Atlantic and Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So.2d 274 (1953), a customer in the store slipped on a lettuce leaf. The condition of the leaf was described as "very dirty, all bruised up," "dirty and ragged looking," looking as though it had been skidded about, "dirty and soiled." The court concluded that based solely on that evidence, "the jury could find from that condition that it had been on the floor long enough to have raised a duty on the defendant to discover and remove it." 69 So.2d at 276.
I submit that should have been the result in this case.
DAUKSCH, J., concurs.
NOTES
[1] Carls Markets, Inc. v. Meyer, 69 So.2d 789 (Fla.1953); K-Mart Corp. v. Dwyer, 656 So.2d 1340 (Fla. 5th DCA 1995); Thoma v. Cracker Barrel Old Country Store, Inc., 649 So.2d 277 (Fla. 1st DCA 1995); Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213 (Fla. 5th DCA 1989).