700 So.2d 405 (1997)
PUBLIX SUPER MARKET, INC., a Florida Corporation, Appellant,
v.
Olga Maria SANCHEZ, Appellee.
No. 96-2851.
District Court of Appeal of Florida, Third District.
September 17, 1997.
Rehearing Denied November 5, 1997.
Marlow, Connell, Valerius, Abrams & Adler, and William G. Edwards and William G. Liston, Miami, for appellant.
Friedman, Friedman and Gary Friedman; Lauri Waldman Ross, Miami, for appellee.
Before NESBITT, GODERICH and GREEN, JJ.
PER CURIAM.
The defendant below, Publix Super Markets, Inc. [Publix], appeals from the denial of its motions for directed verdict. We reverse and remand for entry of judgment in favor of Publix.
*406 The plaintiff below, Olga Maria Sanchez, was injured while shopping at Publix when she slipped and fell on what appeared to be a piece of cake. Subsequently, she filed a personal injury action against Publix alleging that it created a dangerous condition and negligently maintained its premises.
The evidence presented at trial showed that the plaintiff fell near a demonstration table where small pieces of cake were available for customers to sample and that at the time that the plaintiff fell, the demonstration table was not manned by a Publix employee. However, there was no evidence as to how long the cake had been on the floor or who had dropped the piece of cake on the floor. At trial, Publix assistant store manager testified that Publix store policy requires that demonstration tables be manned by a Publix employee at all times. He also acknowledged that when customers drop food that is being sampled, a hazardous condition is created.
The jury returned a verdict in favor of the plaintiff. Publix motions for directed verdict, new trial, or remittitur were denied. Publix appeal follows.
Publix contends that the trial court erred by denying its motion for directed verdict. We agree.
In a slip-and-fall case, in order for the plaintiff to recover damages, the plaintiff is required to
prove that the owner of the premises had actual or constructive notice of the dangerous condition. Constructive knowledge may be inferred from either 1) the amount of time a substance has been on the floor, or 2) the fact that the condition occurred with such frequency that the owner should have known of its existence.
Schaap v. Publix Supermarkets, Inc., 579 So.2d 831, 834 (Fla. 1st DCA 1991) (citations omitted); see also Winn-Dixie Montgomery, Inc. v. Petterson, 291 So.2d 666, 667 (Fla. 1st DCA 1974)(holding that in a slip-and-fall action, owner of premises may not be held liable unless owner had actual or constructive notice).
In the instant case, the evidence, viewed in the light most favorable to the plaintiff, showed that Publix did not have either actual or constructive notice of the alleged substance on the floor. Specifically, there was no evidence that a Publix employee knew that there was a foreign substance on the floor. Further, there was no evidence as to how long the substance had been on the floor or who had dropped the substance on the floor. Finally, there was no evidence that this alleged condition occurred with such frequency that Publix should have known of its existence.
Alternatively, the plaintiff argues that Publix is liable for her injuries based on either the theory that Publix method of operating the demonstration table is inherently dangerous or that the demonstration table was being operated in a negligent manner. We disagree.
The plaintiff correctly states that Florida law does provide that a plaintiff may recover damages in a slip-and-fall case, regardless of notice, based on the method of operation if the plaintiff can prove that:
1. Either the method of operation is inherently dangerous, or the particular operation is being conducted in a negligent manner; and
2. The condition of the floor was created as a result of the negligent method of operation.
Schaap, 579 So.2d at 834. However, in the instant case, we find that Publix method of operation is not inherently dangerous and that the demonstration table was not being operated in a negligent manner.
First, we will address the plaintiff's theory that the operation of the demonstration table is inherently dangerous and, in doing so, examine a factually similar case. In Schaap, the plaintiff sued Publix for injuries she sustained when she slipped and fell on what she believed was a cookie from Publix bakery. Publix assistant manager testified that Publix has a "cookie club program" where children under twelve who are accompanied by an adult can receive a free cookie and eat the cookie anywhere in the store. The assistant manager in Schaap also acknowledged that he expected children to drop portions of the cookie on the floor and *407 that the flooring was dangerous when this occurred. In Schaap, the plaintiff argued that even in the absence of actual or constructive notice, Publix was still liable based on its method of operating the cookie club program. Specifically, the plaintiff argued that based on the assistant manager's testimony that he expected children to drop cookies on the floor, the mere operation of the cookie club program is inherently dangerous. The Schaap court relied on Long v. Smith Food King Store, 531 P.2d 360 (Utah 1973), a Utah Supreme Court case that held that giving samples of pumpkin pie at a grocery store is not inherently dangerous, and found that the cookie club program is not inherently dangerous. In the instant case, as in Schaap and Long, we hold we hold that providing food samples is not inherently dangerous.
Next, we will address the plaintiff's theory that this particular demonstration table was being operated in a negligent manner. The plaintiff alleges that the demonstration table was being operated in a negligent manner because at the time when the plaintiff fell, the demonstration table was not manned by a Publix employee as is required by Publix store policy. In essence, the plaintiff argues that because Publix failed to follow one of its own corporate policies, it is liable. We disagree.
If we were to accept the plaintiff's argument, we would be holding that grocery stores are liable whenever a customer slips and falls on any substance on the floor, regardless of notice, since grocery stores normally have either store or corporate policies which do not allow foreign substances to be on floors. Moreover, the plaintiff's argument would also require us to ignore case law which requires either actual or constructive notice in slip-and-fall cases involving transitory, foreign substances. See Mabrey v. Carnival Cruise Lines, Inc., 438 So.2d 937 (Fla. 3d DCA 1983)(recognizing that "actual or constructive knowledge is irrelevant in cases not involving transitory, foreign substances (i.e., the typical banana peel case), if ample evidence of negligent maintenance can be shown.")(emphasis added). We are not willing to do so.
Accordingly, we reverse and remand for entry of judgment in favor of Publix.