757 So.2d 514 (1999)
Elvia SORIANO and Angel Soriano, Appellants,
v.
B & B CASH GROCERY STORES, INC. d/b/a U-Save Supermarket, Appellee.
No. 98-1668.
District Court of Appeal of Florida, Fourth District.
May 5, 1999.
*515 Simon & Dondero, P.A. and Bambi G. Blum of Bambi G. Blum, P.A., Miami, for appellants.
Richard S. Womble and Gregory D. Prysock of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for appellee.
STONE, C.J.
We affirm a final judgment entered on a directed verdict for the defendant/supermarket ("B & B"). Mrs. Soriano slipped and fell as she pushed her grocery cart towards the market exit doors. The store employee who helped Mrs. Soriano to her feet took a piece of a banana peel off her shoe. Mrs. Soriano described the piece of peel as being brown with very little yellow in color.
The store manager testified that the store tried not to sell brown bananas, as customers generally do not like to buy bananas after they turn brown. Mrs. Soriano acknowledged, however, that the store did sell brown bananas with skin like the piece on which she slipped.
It is well established that in a slip and fall action of this type, the plaintiff must generally prove that the owner of the premises had actual or constructive knowledge of the causative condition. See Gonzalez v. B & B Cash Grocery Stores, Inc., 692 So.2d 297, 298 (Fla. 4th DCA 1997). Constructive knowledge may be inferred from the amount of time a substance has been on the floor. See id. However, an inference of the existence of an essential fact to be drawn from circumstantial evidence cannot be made the basis of a further inference, unless it can be said that the initial inference was established to the exclusion of any other reasonable inference. *516 See Food Fair Stores, Inc. v. Trusell, 131 So.2d 730, 733 (Fla.1961); Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977, 978 (Fla. 4th DCA 1987).
In Bates v. Winn-Dixie Supermarkets, Inc., 182 So.2d 309 (Fla. 2d DCA 1966), the plaintiff slipped on a banana peel which he described as "dark," "overripe," "black," "old," and "nasty looking." The appellate court affirmed a summary judgment in favor of the supermarket, finding
[T]o infer from the color and condition of the peeling alone that it had been there a sufficient length of time to permit discovery, we would first have to infer that the banana peel was not already black and deteriorated when it reached the defendants' floor. This is the type of `mental gymnastics' prohibited by the Trusell decision, supra, since the latter inference, under the circumstances, is not to the exclusion of all other reasonable inferences.
Id. at 311.
In Owens v. Publix Supermarkets, Inc., 729 So.2d 449 (Fla. 5th DCA 1999), the Fifth DCA, in an en banc decision, applied Bates in circumstances almost identical to those presented in this case. In Owens, the appellate court upheld a directed verdict, concluding that the color and condition of the banana peel alone was insufficient to charge the supermarket with constructive knowledge. The court further stated that in order to show constructive knowledge, the plaintiff had the obligation to prove that the aging occurred on the floor.
We conclude that the circumstantial evidence in this case required the impermissible stacking of inferences to establish constructive notice. As such, we cannot infer, as Appellant contends, that the supermarket only sells yellow bananas, that it must have been yellow when it reached the floor, and that it sat on the floor until it turned brown. The inference is just as likely in such a case that someone had purchased the brown banana and dropped it on the floor in that condition, or that someone brought the brown banana into the grocery store, as there was competent evidence that customers of the store would often eat food while in the store and drop debris on the floor.
Moreover, there was no additional evidence to establish that the banana peel was on the floor for any length of time, such as cart tracks, foot prints, dirt, or even grit. See Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla.1973)(additional evidence that leaf was "dirty looking" and no other shoppers were in the area for fifteen minutes prior to the accident); Teate v. Winn-Dixie Stores, Inc., 524 So.2d 1060 (Fla. 3d DCA 1988)(amount of water around thawing frozen peas). Compare Zayre Corp. v. Bryant, 528 So.2d 516 (Fla. 3d DCA 1988)(liquid with cart tracks running through it); Camina v. Parliament Ins. Co., 417 So.2d 1093 (Fla. 3d DCA 1982)(thawed dirty ice cream); Winn-Dixie Stores, Inc. v. Guenther, 395 So.2d 244 (Fla. 3d DCA 1981)(puddle with scuff marks and tracks); with Broz v. Winn-Dixie Stores, Inc., 546 So.2d 83 (Fla. 3d DCA 1989)(no evidence to indicate that the grape had been on the floor for any length of time). Absent additional evidence, we cannot infer that the foreign substance had been on the floor for a sufficient length of time to charge B & B with constructive knowledge.
We also reject Sorianos' argument on appeal that sufficient evidence existed to support a verdict based on negligent method of operation. See generally, Schaap v. Publix Supermarkets, Inc., 579 So.2d 831 (Fla. 1st DCA 1991)(a defendant may be liable for negligence where the plaintiff proves either that the method of operation is inherently dangerous, or the particular operation is being conducted in a negligent manner resulting in the condition). Here, there was evidence that B & B employees had failed to timely fill out inspection reports and sweep on a regular basis. However, we decline Appellants' *517 invitation to apply such theory as an alternative to requiring actual or constructive notice where injuries result from slipping on a foreign substance in a market setting. See Rowe v. Winn-Dixie Stores, Inc., 714 So.2d 1180 (Fla. 1st DCA 1998)(court found that Schaap was not binding precedent); Publix Super Market, Inc. v. Sanchez, 700 So.2d 405 (Fla. 3d DCA 1997), rev. denied, 717 So.2d 537 (Fla.1998).
WARNER and GROSS, JJ., concur.