736 So.2d 775 (1999)
Patricia MARKOWITZ and Robert Markowitz, Appellants,
v.
HELEN HOMES OF KENDALL CORPORATION, a/k/a Kendall Health Care Properties, d/b/a The Palace Living Facility, Appellee.
No. 98-452.
District Court of Appeal of Florida, Third District.
July 7, 1999.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel D. Eaton, Miami, for appellant.
Kubicki Draper and Angela C. Flowers, Ft. Lauderdale, for appellee.
Before JORGENSON, COPE, and LEVY, JJ.
PER CURIAM.
This is an appeal from a trial court Order granting defendant/Helen Homes of Kendall Corporation's ("the nursing home") Motion for Summary Judgment and denying the plaintiffs/Patricia and Robert Markowitz's ("the Markowitzes") Motion for Summary Judgment. We affirm.
The Markowitzes brought suit against the nursing home alleging that Mrs. Markowitz slipped and fell on a grape in the main area of the nursing home facility and sustained serious injuries while visiting her mother, a resident at the nursing home. The Complaint alleges that the nursing home knew or should have known of the dangerous condition but negligently failed to correct it.
After discovery, the nursing home moved for summary judgment contending that there was no evidence that the defendant had actual knowledge of the presence of the grape, or that the grape was on the floor for a sufficient length of time to provide it with constructive notice of its presence. The Markowitzes responded that three of the nursing home's employees were engaged in a conversation in the immediate vicinity of the fall and should have been aware of the presence of the grape. Additionally, the Markowitzes attached the affidavit of an expert nursing home administrator who stated that permitting elderly residents to carry food from the dining room to their room was unreasonably dangerous. The nursing home relied on the testimony of the nurses, who denied knowledge of the presence of the grape, and the deposition of the building supervisor and the housekeeper, who each testified that the nursing home's policy was that common areas are swept and cleaned several times throughout the day. The trial court granted the nursing *776 home's motion and entered Final Summary Judgment.
We affirm the entry of Final Summary Judgment because the Markowitzes are unable to prove that the nursing home had actual or constructive knowledge of the spilt grape. See Miller v. Big C Trading, Inc., 641 So.2d 911 (Fla. 3d DCA 1994); see also Publix Super Market, Inc. v. Sanchez, 700 So.2d 405 (Fla. 3d DCA 1997). There is no evidence in the record to support the Markowitzes' contention that because three nurses were in the vicinity of the fall they saw or should have seen the grape. Furthermore, there is no evidence to suggest that the grape was on the floor for a length of time that would place the nursing home on reasonable notice of its existence. Additionally, the Markowitzes are unable to establish that the nursing home's method of operation is negligent. Publix Super Market, Inc. v. Sanchez, 700 So.2d at 406. There is no evidence of a previous instance where a grape or other food substance was on the floor and resulted in injury to a resident or visitor so as to put the nursing home on notice that they should be looking for food.
Affirmed.