788 So.2d 283 (2000)
LESTER'S DINER II, INC., Appellant/Cross-Appellee,
v.
Mary Ann GILLIAM, Appellee/Cross-Appellant.
No. 4D00-78.
District Court of Appeal of Florida, Fourth District.
November 15, 2000.
Opinion Denying Rehearing January 3, 2001.
*284 Hinda Klein of Conroy, Simberg & Ganon, P.A., Hollywood, for appellant/cross-appellee.
Alan D. Sackrin of The Law Offices of Alan D. Sackrin, Hallandale Beach, for appellee/cross-appellant.
SHAHOOD, Judge.
This action arises from a slip and fall accident on the diner's premises. Appellee filed suit against the diner claiming that it negligently maintained machinery on its premises which leaked oil onto the floor, causing her to fall, and that appellant knew or should have known of the dangerous conditions and should have warned her of such conditions.
At trial, appellant testified that as she was following the restaurant's host to a seat, she slipped and fell on her back. She claimed that she followed the host through an area traveled by the servers, away from *285 the customer booths. After the fall, appellant allegedly saw a man with a tool kit working on a piece of machinery and noticed a very light oil, like WD40, on her hands and clothes. She then noticed a waitress and the host wiping up the floor with paper towels.
The owner of the diner testified that a workman from Echo Industrial serviced the diner's refrigeration and air conditioning and that he was on the premises that day, but that the air compressors were on the roof and that the workman had only a tool belt with him.
At trial, appellee moved for directed verdict on the grounds that appellee failed to prove the nature of the substance on the floor, how the substance got on the floor, or how long it had been there. The trial court denied directed verdict on the failure to maintain, but granted directed verdict on the failure to warn. After appellant rested, the court reserved ruling on the parties' renewed motions for directed verdict until after the jury rendered its verdict. The jury returned a verdict finding appellant negligent and the legal cause of appellee's fall.
Appellant filed a post-trial motion for directed verdict, motion to set aside verdict, and to enter judgment in accordance with the motion for directed verdict. After hearing argument, the trial court denied appellant's motion, but expressed doubt as to the soundness of the jury's verdict: "[t]here's no sense in trying to convince me about the right as to cause, because I would have voted the other way. However, it appears as though the verdict is supported by competent evidence enough to get by a directed verdict."
Because there is no competent substantial evidence to support the jury's verdict, we reverse and direct that judgment be entered in favor of appellant.
A motion for directed verdict should be granted only when the evidence, viewed in the light most favorable to the non-moving party, shows that a jury could not reasonably differ as to the existence of a material fact and that the movant is entitled to a judgment as a matter of law. See Barton Protective Servs., Inc. v. Faber, 745 So.2d 968, 972 (Fla. 4th DCA 1999). If there is any evidence to support a possible verdict for the nonmoving party, a directed verdict is improper. See Gold, Vann & White, P.A. v. DeBerry, 639 So.2d 47 (Fla. 4th DCA 1994). Likewise, motions for judgment notwithstanding the verdict, should be resolved with extreme caution. See Cooper Hotel Servs., Inc. v. MacFarland, 662 So.2d 710, 712 (Fla. 2d DCA 1995), review denied, 670 So.2d 939 (Fla.1996).
To establish a breach of a duty in negligence, the plaintiff must show that the defendant failed to maintain its property in a reasonably safe condition, or that it failed to warn the plaintiff of a concealed peril of which it either knew or should have known and which could not have been discovered by the plaintiff through the exercise of ordinary care. See Cooper, 662 So.2d at 712. In a slip and fall action, the plaintiff must generally prove that the owner of the premises had actual or constructive knowledge of the causative condition. See Soriano v. B & B Cash Grocery Stores, Inc., 757 So.2d 514, 515 (Fla. 4th DCA), review granted, 744 So.2d 456 (Fla. 1999). The plaintiff bears the burden of proving that the defendant was negligent, and to that end, the plaintiff must generally prove that the owner of the premises had actual or constructive notice of the dangerous condition. See Thompson v. Poinciana Place Condominium Ass'n, 729 So.2d 457, 458 (Fla. 4th DCA), review granted, 743 So.2d 14 (Fla.1999). Constructive knowledge may be inferred from *286 the amount of time a substance has been on the floor. See Id.
In Soriano, this court held that an inference of the existence of an essential fact to be drawn from circumstantial evidence cannot be made the basis of a further inference, unless it can be said that the initial inference was established to the exclusion of any other reasonable inference. See Soriano, 757 So.2d at 515 (patron who slipped and fell in a supermarket on a piece of brown banana peel failed to show the length of time the peel had been on the floor, and thus failed to establish supermarket's constructive notice); see also Markowitz v. Helen Homes of Kendall Corp., 736 So.2d 775, (Fla. 3d DCA), review granted, 743 So.2d 509 (Fla.1999).
In this case, appellee failed to prove through either actual or constructive notice that appellant knew or should have known of the substance on the floor or of a dangerous condition. See Winn-Dixie Stores, Inc. v. Mazzie, 707 So.2d 927, 929 (Fla. 5th DCA), review denied, 725 So.2d 1109 (Fla.1998)(premises owner is not liable for injuries sustained by invitees who slip and fall as a result of a foreign substance on the floor when the invitee provides no competent evidence of actual or constructive knowledge by the premises owner of the dangerous condition.). No one, including appellee, saw any substance on the floor. Further, there was no evidence as to how the oily substance got there or how long it had been there. Only through conjecture and pyramiding inferences can we conclude that the substance was in fact WD40 and was left there by a workman or an employee. Appellee testified that she saw a man working on machinery in the vicinity of where she slipped, but there was no testimony that the workman was repairing anything using WD40. Further, appellee claimed that she slipped in an area not traveled by patrons, but there was no evidence other than her testimony to support such conclusion.
Based on the foregoing, we reverse the trial court's denial of appellant's motion for directed verdict and direct that judgment be entered in favor of appellant. Further, as to the issue raised on cross-appeal, we affirm, finding it to be without merit.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
KLEIN and GROSS, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We deny the motion for rehearing but write to clarify one point. Appellee Gilliam's testimony did not establish that patrons did not walk through the area in question, as did appellee. Nor did her testimony demonstrate that the restaurant's servers walked through the area more frequently than did patrons.
KLEIN, SHAHOOD and GROSS, JJ., concur.