PER CURIAM.
CADD Centers of Florida, Inc., (“CADD”), sued former employee and shareholder Timothy Strickland (“Strickland”) for specific performance of the parties’ Shareholders’ Agreement, in an effort to force Strickland to return his 429 shares of CADD stock after he was fired. Strickland filed affirmative defenses and a ten-count counterclaim, in relevant part claiming that CADD breached the parties’ separate Employment Agreement when it failed to pay him certain commissions.
The case was tried to a jury, which returned a verdict that required Strickland to return his stock to CADD and found that the value of the shares was $258,687. The jury further found that CADD owed Strickland $93,557 in commissions. CADD moved for judgment notwithstanding the verdict, arguing that the evidence did not support the jury’s valuation of the stock and the commissions owed Strickland. The final judgment ordered CADD to pay Strickland $5,961.96 plus interest for the commissions, and $214,500 for the stock. CADD appeals. Strickland cross-appeals, arguing that the trial court erred when it granted direct verdicts in favor of CADD on several of his counterclaims, and when it denied his motion for judgment on the pleadings on CADD’s specific performance claim.
At issue in this ease is the par value placed on the CADD stock. Section 5(a) of the Shareholders’ Agreement states that the par value is to be set by the shareholders at an annual meeting. Section 5(b) states that if the value is not set at three successive annual meetings, then the value is to be set by agreement between the terminating shareholder and the remaining shareholders. Failing that, par value will be established by CADD’s accountant, based on the adjusted book value of the corporation as of the applicable date.
No par value was set at three successive annual meetings of CADD’s shareholders, and Strickland and the remaining shareholders did not reach an agreement. Therefore, according to the pertinent method of valuation set forth in the Shareholders’ Agreement, CADD’s accountant set a par value of $0 on the stock. In spite of this valuation, CADD seeks on appeal to reduce the value placed on the stock to $429 total, representing a $1 par value.
Strickland claims that he introduced conflicting evidence of the value of the *758 stock in the form of his own and a third party’s offer to purchase the entire corporation. Neither of these offers, however, value the stock according to the method set forth in the Shareholders’ Agreement; therefore, they are not competent evidence of the value of the stock under the Agreement.
Because there is no competent substantial evidence to support the $214,500 value placed on the stock, we reverse and direct that judgment be entered setting the price of the stock at $429. See Lester’s Diner II, Inc. v. Gilliam, 788 So.2d 283, 285 (Fla. 4th DCA 2000) (reversing jury verdict for lack of competent, substantial evidence); see also Home Dev. Co. of St. Petersburg v. Bursani, 178 So.2d 113, 119 (Fla.1965) (quashing decision that went outside the confínes of parties’ contract to determine the value of departing shareholder’s stock). Regarding all other issues raised on the appeal and cross-appeal, we affirm.
AFFIRMED in part, REVERSED in part, and REMANDED for entry of judgment consistent with this opinion.
GUNTHER, KLEIN and TAYLOR, JJ., concur.