THREADGILL, Judge.
Anise Devoe appeals a final judgment rendered on a directed verdict in favor of the defendant, Western Auto Supply Company, in a slip and fall action. We reverse.
On the morning of the jury trial, Western Auto filed a motion in limine to preclude as irrelevant and immaterial any testimony about its policies concerning customers in the service areas, and about whether Ms. Devoe was allowed or directed into the service area. The court granted the motion because the accident occurred outside the service bay.
The appellant presented evidence that she and two friends, Ms. Herring and Ms. Peterson, went to Western Auto to have Ms. Herring’s car serviced. Ms. Peterson testified that as they drove up, she saw an employee spraying out a service bay with a hose, spreading water and other fluids onto the incline in front of the service bays. Another mechanic instructed Ms. Herring to drive the vehicle into the service bay area, in direct violation of Western Auto’s policy prohibiting customers in that area. There was testimony that the three women then had to leave the bay area by the inclined drive to reach the parking lot. Using other exits would have required walking through other service areas.
Ms. Peterson testified that as they exited, she noticed water and oil-like fluids on the ground. When the appellant, Ms. De-voe, stepped on the wet incline she slipped and fell, injuring herself. There was testimony that her clothes and shoes were damp and oily as a result of the fall. There was also evidence that Western Auto was aware of the possibility of oil dripping in the area and had a policy for cleaning the area.
At the conclusion of the appellant’s case, the trial court granted a motion by Western Auto for directed verdict. Timely notice of appeal was filed claiming error in the granting of both the motion in limine and the motion for directed verdict.
The purpose of a motion in limine is to exclude irrelevant and immaterial matters, Dailey v. Multicon Development, Inc., 417 So.2d 1106 (Fla. 4th DCA 1982), or to exclude evidence when its probative value is outweighed by the danger of unfair prejudice. Adkins v. Seaboard Coast Line Railroad Co., 351 So.2d 1088 (Fla. 2d DCA 1977). We find Western Auto’s policy prohibiting customers in the service area to be highly relevant in this case. Ms. Devoe testified that she fell while crossing a slippery incline as she left a service bay area into which an employee of Western Auto had directed her party. Had Western Auto enforced the standard safety policy, Ms. Devoe would not have exited the service area by the slippery slope. Evidence of the policy was therefore material to causation and it was error to exclude it. See Food Fair Stores of Florida v. Moroni, 113 So.2d 275 (Fla. 2d DCA 1958)(holding that where plaintiff slipped on wet spinach on market floor, evidence of the store’s procedures for replenishing food bins was crucial to causation and thus admissible).
We also conclude that the court erred in granting the appellees’ motion for directed verdict. There was evidence that immediately prior to the accident a Western Auto employee was spraying water and other fluids onto the area where the appellant later fell. The store manager testified that he was aware that oil and other fluids sometimes dripped in the area where Ms. Devoe fell and that there were standard cleanup policies. Therefore, inferences can be drawn that employees of the appellee created the dangerous condition, or that the owner knew or should have known of *190 the condition. Marlowe v. Food Fair Stores of Florida, Inc., 284 So.2d 490 (Fla. 3d DCA 1973).
As the third district noted in Marlowe, a directed verdict is proper only where the evidence is such that no jury could find in favor of the plaintiff. We believe the jury here could have found for Ms. Devoe on the facts in evidence and thus it was error to grant the motion for directed verdict. We reverse, and remand for a new trial.
REVERSED AND REMANDED.
CAMPBELL, C.J., and HALL, J., concur.