PER CURIAM.
The cruise line passenger injured in this slip and fall action appeals the summary judgment entered in the cruise line’s favor. We reverse.
Appellants Rolf and Myra Grayson were fare-paying passengers on Carnival Cruise Lines’ “Jubilee.” The Graysons and their friends left the veranda deck and descended to the pool deck via a set of stairs that terminated between 20 and 35 feet from the pool. Some minutes earlier, appellants had observed employees working on the pool and had seen water splashing over the pool’s sides. Mr. Grayson claims he stepped from the stairs directly into a puddle one to two inches deep and approximately six feet by twelve feet in diameter, and immediately slipped and fell. The Carnival employee charged with investigating the accident did not remember where the accident occurred, or anything about his inspection following Mr. Grayson’s fall. The ship’s First Bosun, who did not remember anything about the accident, stated that his employees constantly inspected the area and that an employee was stationed on the pool deck at all times. Following discovery, the cruise line’s motion for summary judgment was granted.
We agree with appellants that the evidence presented, especially facts as to the size of the puddle, was sufficient to present a jury question as to whether the puddle precipitating Mr. Grayson’s fall was created by appellee’s employees. See Marlowe v. Food Fair Stores, Inc., 284 So.2d 490 (Fla. 3d DCA 1973), (evidence of store employees’ creation of dangerous condition or of store’s knowledge of such condition was for jury), cert. denied, 291 So.2d 205 (Fla.1974); see also Riles v. Robinson, 548 So.2d 295 (Fla. 4th DCA 1989); Devoe v. Western Auto Supply Co., 537 So.2d 188 (Fla. 2d DCA 1989). Further, we conclude the evidence presented, including the size of the puddle, was sufficient to present a jury question as to whether the puddle existed for ample time to charge the company with constructive notice of the hazard’s existence. See Teate v. Winn Dixie, 524 So.2d 1060 (Fla. 3d DCA) (constructive knowledge of dangerous condition may be proved by circumstantial evidence), review denied, 534 So.2d 402 (Fla.1988).
Accordingly, the summary judgment granted the cruise line is reversed and the case remanded.