# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

No. 1D2021-3413

———————————————————

LISA WHITLOW,

    Appellant,

    v.

TALLAHASSEE MEMORIAL
HEALTHCARE, INC.,

    Appellee.

———————————————————

On appeal from the Circuit Court for Leon County.
J. Layne Smith, Judge.

July 23, 2025

ON APPELLANT'S MOTION FOR CERTIFICATION

TANENBAUM, J.

The appellant asks that we certify conflict between our holding in this appeal and the holdings in *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953 (Fla. 5th DCA 2001) and *Grayson v. Carnival Cruise Lines, Inc.*, 576 So. 2d 417 (Fla. 3d DCA 1991). We decline.

Whitlow argues that the supreme court in *Food Fair Stores, Inc. v. Trusell*, 131 So. 2d 730 (Fla. 1961) created a means of proving "actual knowledge" to establish premises liability that did not require proof of knowledge at all: "when a dangerous condition of a floor of a market is created by an agent or servant of the

owner." *Id.* at 732. The court did no such thing. Indeed, reading *Trusell* the way Whitlow suggests would sever the traditional link between knowledge and negligence.

As the supreme court noted several decades prior to *Trusell*:

The prime foundation of liability in negligence cases is *knowledge*—or what is deemed to be in law the same thing, opportunity by the exercise of reasonable diligence to acquire knowledge of the peril which subsequently results in injury. Fault on the part of the defendant is to be found in his action or nonaction *accompanied by knowledge*, actual or implied, of the probable results of his conduct contemporaneous with the infliction of injury . . . .

*Lindsay v. Thomas*, 174 So. 418, 420 (Fla. 1937) (emphases supplied). With this basic proposition providing context, we can better understand what the court meant in *Trusell* when it 1) referred to the *employee*'s negligence; 2) said "the employer's knowledge of the existence of the dangerous condition becomes inconsequential"; and 3) explained "[t]his is so because the *knowledge of the employee* is chargeable against the employer and his negligent act committed in the course of his employment is binding upon the employer." *Trusell*, 131 So. 2d at 732 (emphasis supplied). Rather than do away with a required showing of knowledge, the supreme court in *Trusell* simply established a means of proving the premises owner's knowledge through the knowledge of one or more of its employees.

In other words, if an owner's employee *knowingly* created a dangerous condition, the owner shall be deemed to have knowingly created that condition as well and can be held liable in negligence. Alternatively, if one of its employees sees the dangerous condition—so, knows about it—but does nothing to ameliorate the condition, the owner likewise is deemed to have committed the same negligent failure. To say otherwise—that simply demonstrating an employee's causation, without knowledge—would be to change premises liability into a strict liability regime. *Cf. West v. Caterpillar Tractor Co., Inc.*, 336 So. 2d 80, 87 (Fla. 1976) (describing strict liability as requiring proof only of the relationship between the manufacturer and the product, "the

2

defect and unreasonably dangerous condition of the product," and "the existence of the proximate causal connection between such condition and the user's injuries or damages").

Proof that a Tallahassee Memorial HealthCare ("TMH") employee knew that he had just created the dangerous condition (or that an employee knew the condition had been created) was what we found wanting in this case. The common law requires proof of knowledge to support negligence, and so does the statute. We do not read *Barbour* or *Grayson* as deviating from this requirement. To begin, *Barbour* involved a bathroom fall stemming from a restaurant patron's stepping on a "roll of toilet paper with the roller mechanism inside the cardboard core lying on the floor." 801 So. 2d at 956. To assess whether there was sufficient evidence demonstrating a jury question regarding "actual knowledge of a dangerous condition," the court looked at whether there was proof that the restaurant's employees were negligent in maintaining the bathroom—because an employee's "negligent act committed in the course of his employment is binding upon the employer." *Id.* at 957 (citing *Trusell*, 131 So. 2d at 732). The court in *Barbour* concluded that the jury reasonably could infer a restaurant employee's negligence from evidence that the restaurant and its employees had exclusive control over the toilet paper dispensers and that the restaurant's "cleaning staff and servers were responsible for filling the dispensers." *Id.* But the court did not characterize this as "actual knowledge" simply because there was evidence an employee caused the dangerous condition (with or without knowledge of having done so).

Knowledge still featured prominently in the analysis, the court there noting that the plaintiff's theory of actual knowledge found support in testimony showing "only the servers, managers, and cleaning contractor were responsible for changing the toilet paper and *knew* how to open the dispenser." *Id.* (emphasis supplied). The court essentially concluded actual knowledge could be proven because there was evidence from which to infer that an employee responsible for maintaining the dispensers failed to properly lock one of them up—meaning the employee—whichever one it was—*knew* he was not securing the dispenser like he was supposed to, which created a known risk of injury. By contrast, in this case there was a singular observation by one of Whitlow's

3

witnesses that rainwater was dripping off a stretcher being pushed by a TMH employee. There was no evidence presented in opposition to summary judgment demonstrating any responsibilities a TMH employee had regarding maintenance of the stretcher to ensure it was not dripping—the failing of which could have established, circumstantially, the employee's knowledge that he created a risk of injury. There is no conflict between our holding and *Barbour*'s.

The same thing goes for *Grayson*. The plaintiff was on a cruise and slipped after stepping into a large but shallow puddle of water on the pool deck. 576 So. 2d at 417. There was evidence that cruise-line employees, a few minutes earlier, had been working on the pool, which caused water to splash over the pool's sides. *Id*. There was also testimony that employees "constantly inspected the [pool] area and that an employee was stationed on the pool deck at all times." *Id*. Taken together, one easily could infer from this evidence that employees *knew* they were splashing water onto the deck *and* that those same employees or other employees knew that the water remained there—thereby knowingly creating risk of injury, yet failing to do anything to ameliorate it. This evidence was enough to create a jury question about the employees' negligence, negligence that then could be attributable to their employer. By contrast, once again, here Whitlow did not present any evidence from which a reasonable juror could infer *knowledge*—and therefore negligence—on the part of a TMH employee that then could be chargeable to TMH. The simple fact that water was dripping from a stretcher pushed by an employee, without more, did not suffice. This conclusion does not put us in conflict with *Grayson*'s holding.

Having carefully considered the analyses in *Barbour* and *Grayson*, we see no daylight between their respective applications of *Trusell* and our own. Direct or circumstantial proof (or lack thereof) regarding an employee's knowledge of what he was doing to create some risk of injury—sufficient to support a finding that the employee acted negligently—was central to the conclusions reached in all three cases. *Barbour* and *Grayson*, as we have in this case, remain true to the supreme court's observation in *Lindsay*

that knowledge is the "prime foundation of liability in negligence cases."* *Lindsay*, 174 So. at 420.

---

* Through a notice of supplemental authority, Whitlow also suggests conflict with the Fourth District in *Seven Restaurants, LLC v. Tulecki*, 391 So. 3d 949 (Fla. 4th DCA 2024), another slip-and-fall case involving a restaurant bathroom. We find no such conflict. The court in that case, as in *Barbour* and *Grayson*, looked at evidence that could support an employee's negligence based on the employee's *knowingly* creating the risk. A patron had slipped on a "greasy and slippery" floor. *Id.* at 952–53, 960. The court considered evidence that the restaurant had "two mop buckets, one coded red and one coded blue . . . to avoid contamination." *Id.* at 952. "The red bucket was for the kitchen and back area, while the blue bucket was only used for the lobby and the restrooms." *Id.* (internal quotations omitted). "[I]f an employee used the red mop to clean a kitchen oil spill and later used the same mop in the lobby, then the lobby would be filled with oil, soap, and water and people would be sliding around wondering why." *Id.* (internal quotations omitted).

According to the Fourth District, this evidence, when "viewed in the light most favorable to the plaintiff" was enough to show that "the employee had *actual knowledge* of the condition of the restroom before and after he mopped it," so also "*actual knowledge* of the dangerous condition of the restroom floor that caused the plaintiff's fall." *Id.* at 959–60 (emphases supplied). That knowledge in turn was "chargeable against the" business owner, "as contemplated by *Food Fair Stores*." *Id.* at 959. The Fourth District no doubt reached its conclusion because someone who mops a floor necessarily does so knowingly, with awareness of the condition he created as a result. The same cannot be said regarding a stretcher, which typically does not drip water. An employee could knowingly push a stretcher and not necessarily know that he is leaving behind a potentially hazardous condition. As we already have explained, Whitlow did not present any evidence indicating the TMH employee knew the stretcher he was pushing was dripping water that Whitlow supposedly slipped on almost immediately afterward. Our decision to affirm, therefore, also is not inconsistent with the outcome in *Tulecki*.

5

CERTIFICATION DENIED.

ROBERTS and WINOKUR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Courtney Brewer and Jonathan Anthony Martin, of Bishop & Mills, PLLC, Tallahassee, for Appellant.

Jesse F. Suber, Halley M. Stephens, Miriam R. Coles, E. Victoria Penny, and Jacob Salow, of Henry Buchanan, P.A., Tallahassee, for Appellee.